**TEXAS GENERAL INDEMNITY COM-
PANY, Appellant,**

v.

**Riley H. HICKS, Appellee.**

**No. 580.**

Court of Civil Appeals of Texas,
Tyler.

Oct. 14, 1971.

**548**

Saunders, Caldwell & Schmidt, Gene W. Caldwell, Tyler, for appellant.

Badders & Keeling, C. A. Keeling, Nacogdoches, for appellee.

McKAY, Justice.

This is a workmen's compensation case wherein appellee, Riley H. Hicks, sought recovery for total and permanent disability for an injury to his back. Trial was before a jury and in answer to special issues, the jury found appellee to be totally and permanently incapacitated and the trial court entered a lump sum judgment in favor of appellee for $17,854.33, and appeal is taken from that judgment.

Appellant brings five points of error. The first and fifth points complain of the action of the trial court in refusing to admit into evidence a portion of a plaintiff's original petition filed in 1963 by the appellee wherein he claimed total and permanent disability from a back injury which occurred in 1963, and also in failing to admit into evidence a certified copy of the file of the Industrial Accident Board in No. F–65722 wherein the appellee sought compensation for a 1967 back injury. We have concluded that these points should be overruled. Evidence of other injuries is admissible in a workmen's compensation case if it might have some bearing on the question of whether the injury sued on is the producing cause of any incapacity. Hartford Accident and Indemnity Co. v. McCardell, 369 S.W.2d 331 (Tex.Sup.Ct., 1963). In McCardell, the Court held the question of admissibility of petition, notices of injuries, claims for compensation and affidavits filed in courts or with the Industrial Accident Board in connection with other injuries than the one sued on in a compensation case should be governed by the well settled rules of evidence—more particularly an exception to the hearsay rule such as an admission of a party against his interest with reference to a material matter. In McCardell, the Court, citing McCormick and Ray, Vol. 2, section 1121, defines such an admission:

" * * * Any admission used in this sense 'may be defined as any statement made or act done by one of the parties to any action or on his behalf which amounts to a prior acknowledgment by such party that one of the facts relevant to the issues is not as he now claims.' "

The Court then states:

"In order for a document otherwise condemned by hearsay to qualify as an admission it must contain some statement relevant to a material issue in the case and inconsistent with the position taken by the party against whom it is introduced. * * * "

■ Pleadings in other actions which contain statements inconsistent with the party's present position are receivable as admissions. St. Paul Fire and Marine Ins. Co. v. Murphee, 163 Tex. 534, 357 S.W.2d 744 (1962); Beseda v. Transamerica Insurance Co., 414 S.W.2d 742 (Tex.Civ.App., Corpus Christi, 1967, writ ref., n. r. e.). There must therefore be found in the testimony of the appellee an inconsistency between his testimony at the trial and statements made in the documents in question before they can be considered as admissions. Appellee did not deny in his testimony the fact of such prior injuries (one in 1963 and one in 1967), and, in fact, he was questioned at length by both his counsel and appellant's counsel as to the nature and extent of these injuries. Further, it was stipulated by both parties that both the 1963 and the 1967 injury to the appellee's back were compensable injuries. Appellant points out no statement of fact either in the pleadings offered or in its bill of exceptions inconsistent with any testimony given by the appellee concerning his prior injuries, and we have found none.

The Court in Hartford Accident and Indemnity Co. v. McCardell, supra, held the pleadings in a prior case claiming the incapacity was permanent was not a statement of a fact, but a prediction, and did not constitute an inconsistent stated fact.

■ With regard to evidence of the sums of money obtained by a plaintiff in settlement of other claims (such a settlement agreement was a portion of the file of the Industrial Accident Board No. F–65722), it has been held that the amount paid in settlement of a compensation claim cannot amount to proof of the extent of the injury. The amount agreed upon in a settlement therefore can have no bearing on the actual extent of the injury. St. Paul Fire and Marine Insurance Co. v. Murphee, supra. It has also been held that the mere fact that a plaintiff filed a suit, the amount of money sued for, and the claim in the petition that the incapacity of the plaintiff is total and permanent are not admissible for impeachment and are irrelevant to any other issue of the case where properly objected to. Aetna Casualty and Surety Co. v. Depoister, 393 S.W.2d 822 (Tex.Civ.App., Corpus Christi, 1965, writ ref., n. r. e.); Beseda v. Transamerica Insurance Co., supra. We therefore conclude that appellant's points 1 and 5 should be overruled.

We are of the opinion that Alexander v. St. Paul Fire & Marine Ins. Co., 430 S.W. 2d 93 (Tex.Civ.App., Texarkana, 1968, n. w. h.), may be distinguished from the case at bar.

Appellant contends by his third and fourth points that the trial court erred in failing to admit the testimony of appellee with respect to the medical history taken from him wherein he stated he had not had any prior compensation claims, and also in failing to admit Exhibit CD1, the report of his physical examination, which appellee signed.

■ Appellee admitted on cross examination that when he was given a physical examination for employment with Pittsburgh Corning Corporation, his employer in this case, he told the doctor that he had had no prior injuries or accidents. Appellant sought to offer the exhibit itself to show when the doctor asked appellee whether he had ever made any previous claims for compensation, that he had answered "no," and that such answer was entered on the exhibit, and appellant also sought to offer the testimony of appellee, taken out of the presence of the jury, that appellee had falsely told the doctor that he had made no other claim for compensation.

It was stipulated before the introduction of any evidence that appellee's two prior injuries were compensable injuries.. Whether appellee filed a claim for those injuries was not an issue in the trial here. It was a collateral matter and a witness may not be impeached as to statements made by him pertaining to collateral matters. 23 Tex. Jur.2d, section 126, page 182; Christie v. Brewer, 374 S.W.2d 908 (Tex.Civ.App., Austin, 1964, writ ref., n. r. e.). Points 3 and 4 are overruled.

By appellant's second point, complaint is made that the trial court erred by failing to admit into evidence the written deposition of Dr. Hilliard as well as a portion of his office records. We overrule this point. On cross examination, appellee admitted that he had been treated by Dr. Hilliard but denied that he had made certain statements to the doctor on his last two visits. Appellant then offered written interrogatories and answers of Dr. Hilliard along with accompanying exhibits. The trial court sustained appellee's objection to the interrogatories because appellant failed to prove up that Dr. Hilliard was actually a medical doctor and a competent expert witness and excluded both the interrogatories and the exhibits. The appellant then offered certain limited portions. of Dr. Hilliard's records to which an objection was also sustained. These records dealt with the 1967 injury and tended to show that appellant was recovering from the injury. The competency of an expert witness must be affirmatively shown. McCormick and Ray, section 1401, page 235.

■ There is some question in the record whether appellant ever offered Dr. Hilliard's deposition into evidence. Even if we assume these records were offered and were admissible for the purpose of impeachment and were not collateral to the issues involved, the matters intended for impeachment were actually helpful to appellee in that they tended to show that he *was recovering from his 1967 injury.* We cannot see how the exclusion of this evidence amounted to such a denial of the

rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rule 434, Texas Rules of Civil Procedure.

The judgment of the trial court is affirmed.