**COMMERCIAL STANDARD INSURANCE COMPANY, Appellant,**

v.

**Ina Jewel BARRON and Shirley Genell Barron, Appellees.**

**No. 685.**

Court of Civil Appeals of Texas, Tyler.

April 5, 1973.

Rehearing Denied May 31, 1973.

Hugo C. Schmidt, Saunders, Caldwell & Schmidt, Tyler, for appellant.

Rex Houston, Gordon Wellborn & Rex Houston, Henderson, for appellees.

MOORE, Justice.

This is an appeal from a judgment awarding appellees, Ina Jewel Barron and Shirley Genell Barron, a recovery against appellant, Commercial Standard Insurance Company, under the uninsured motorist provisions of an insurance policy covering

the automobile occupied by appellees. Trial was before the court sitting without a jury.

The record shows that on May 9, 1971, appellee, Ina Jewel Barron, was driving an automobile which she had borrowed from Dollie Ruth Simon and was accompanied by her daughter, Shirley Genell Barron. Appellant, Commercial Standard Insurance Company, stipulated that the Simon automobile was covered by Commercial's policy containing an uninsured motorist provision. While traveling north on Highway 79 in Henderson, Texas, at a point where said highway intersects with Highway 259, the automobile occupied by appellees was struck from the rear by an automobile being driven by Charlotte Johnson. The collision caused the Barron automobile to spin completely around in the highway so as to be headed in the opposite direction. At the same time this collision was in the process of occurring another automobile driven by Carolyn Cooper entered the intersection. Mrs. Cooper also lost control of her vehicle on the wet pavement and as a result her automobile skidded, turned and finally struck the rear end of the automobile occupied by appellees. Appellees did not file suit against Carolyn Cooper and there is nothing in the record showing that they were paid anything by Carolyn Cooper for the personal injuries sustained by them as a result of the collision. Rather, appellees filed suit against appellant, the insurer of the Simon automobile which they were driving, alleging that the collision with the Cooper automobile was proximately caused by the negligence of Mrs. Cooper and that she was an uninsured motorist and that appellant was liable to them in damages for their personal injuries under the terms and provisions of the policy protecting against an uninsured motorist. Appellees also joined Charlotte Johnson in the suit alleging that the collisions and resulting damages to appellees were proximately caused by the negligent acts and omissions on the part of both Carolyn Cooper and Charlotte Johnson. The trial court rendered judgment exonerating Charlotte Johnson from any liability, and as to her, rendered a "take nothing" judgment against appellees; but the trial court awarded appellees, Ina Jewel Barron and Shirley Genell Barron, a judgment for $7,500.00 and $2,500.00, respectively, against appellant under the uninsured motorist provisions of its policy. The insurer alone appealed from the judgment.

Appellant seeks a reversal by five points of error on the ground that appellees failed to discharge their burden of proving that Carolyn Cooper was an uninsured motorist. We overrule all of appellant's points of error and affirm the judgment of the court below.

█ The Texas Supreme Court in the recent case of State Farm Mutual Automobile Insurance Company v. Matlock, 462 S.W.2d 277 (1970) has written on the subject of the burden of proof which appellees here faced in proving that Carolyn Cooper was uninsured. There the court quoted with specific approval the following language from Merchants Mutual Ins. Co. v. Schmid, 56 Misc.2d 360, 288 N.Y.S.2d 822 (1968):

"Since the absence of insurance upon the offending vehicle and its driver is a condition precedent to the applicability of the uninsured driver endorsement, we hold that the burden of proving such absence is upon the claimant. However, we must keep in mind that proving a negative is always difficult and frequently impossible and that, consequently, the quantum of proof must merely be such as will convince the trier of the facts that all reasonable efforts have been made to ascertain the existence of an applicable policy and that such efforts have proven fruitless. In such an event, and absent any affirmative proof by petitioner (the insurance company), the inference may be drawn that there is in fact no insurance policy in force which is applicable."

In response to appellant's request, the trial court filed findings of fact and conclusions of law. With regard to the issue

of whether Carolyn Cooper was an uninsured motorist, the court found that (1) Carolyn Rose Cooper was an uninsured motorist at the time of the collision as that term is used in defendant Commercial Standard Insurance Company's policy insuring plaintiffs' automobile; that (2) Carolyn Rose Cooper's automobile was an uninsured automobile at the time of the collision as that term is used in defendant Commercial Standard Insurance Company's policy insuring plaintiffs' automobile; that (3) Plaintiffs Ina Jewel Barron and Shirley Genell Barron were advised by Commercial Standard Insurance Company's claims manager, Ed L. Browning, that driver Carolyn Rose Cooper was an uninsured motorist and her car was an uninsured automobile; that (4) Plaintiffs and their attorney were advised in writing by Commercial Standard Insurance Company's claims manager, Ed L. Browning, that Carolyn Rose Cooper and her automobile were an uninsured motorist and uninsured automobile at the time of the collision; and that (5) Plaintiffs and their attorney believed and relied upon such statements of the insurance company and they accordingly exhausted all reasonable means of determining if Carolyn Rose Cooper was an uninsured motorist. In the conclusions of law the trial court found that (1) Carolyn Rose Cooper was an uninsured motorist and her automobile was an uninsured automobile at the time of the collision; that (2) Plaintiffs and their attorney were entitled to believe the representation of Commercial Standard Insurance Company that Carolyn Rose Cooper was an uninsured motorist and her automobile was an uninsured automobile; and that (3) Plaintiffs and their attorney exhausted all reasonable means of determining if Carolyn Rose Cooper was an uninsured motorist and her automobile was an uninsured automobile at the time of the collision.

The record shows that an investigation of the accident was made by a police officer for the City of Henderson. His written report, which appears in the record, shows that the automobile driven by Carolyn Cooper bore an Oklahoma License plate and that she had an Oklahoma operator's license. The report further shows that the automobile driven by Carolyn Cooper was owned by Jimmy W. Cooper whose address was at Box 95, Stiger, Oklahoma.

There is nothing in the record indicating that appellees ever saw or made any effort to contact either Carolyn or Jimmy Cooper at any time after the accident or prior to the trial.

Appellees' proof that Carolyn Cooper was an uninsured motorist seems to rest solely upon certain statements made to appellees by Ed L. Browning, appellant's claims manager, and upon the contents of a letter written by him to appellees' attorney. Appellant does not dispute the fact that Browning was its duly authorized claims manager and acting in the course and scope of his employment when he called on appellee Ina Jewel Barron shortly after the accident for the purpose of making an investigation of the collision. Mrs. Barron testified that when he called on her he told her he was investigating the accident for the company. She testified he told her his company carried insurance on the Simon car which she was driving; that he took a statement from her explaining the manner in which the accident occurred and the extent of her injuries. She further testified that in the course of the conversation with him, he told her that Carolyn Cooper did not have any insurance on her automobile, and that he would not honor any claim which she might make against his insurance company but would have to look to the Johnsons, the owners of the first automobile which struck her.

Appellees also offered in evidence a letter from the claims manager Ed L. Browning directed to counsel for appellees in which he stated that his company was not interested in honoring the uninsured motorist claim presented by appellees. He further stated: "It is our understanding

the Cooper car, as you have quoted, was not insured." While counsel for appellant made no objection to the introduction of the letter, he did object to the testimony of Mrs. Barron wherein she testified that the claims manager told her there was no insurance on the Cooper automobile, on the ground that it was hearsay as to appellant. The objection was overruled. Appellant argues that such testimony was hearsay and a mere conclusion, and consequently without this evidence, there is no proof in the record to support the trial court's finding that Carolyn Cooper was an uninsured motorist. We are of the opinion that the statement by the claims manager constitutes an admission and was admissible as an exception to the hearsay rule.

■ Generally, admissions made by a party to the suit or his agent that are inconsistent with the position being taken by him in the suit are admissible, not only for impeachment but also as substantive evidence on a material issue to which they may be relevant. This is true as to the party to the suit making the admission even though his admission may be based wholly on hearsay. Snyder v. Schill, 388 S.W.2d 208 (Tex.Civ.App., Houston, 1964).

■ The fact that the admission made by a party or his agent is a conclusion or opinion does not prevent its use. Snyder v. Schill, supra; McCormick and Ray, Texas Law of Evidence, 2d Ed., sec. 1126; and Wigmore on Evidence, 3rd Ed., sec. 1053. The case of Arena v. Home Indemnity Company, 33 A.D.2d 694, 306 N.Y.S.2d 242, 1969, seems to be directly in point. In that case the Supreme Court of New York said:

"In our opinion, under the facts presented herein, the admissions of respondent's representatives that no liability insurance existed on the motorcycle which allegedly caused the accident out of which the claim arose were sufficient, in the absence of proof to the contrary, to establish that the offending vehicle was uninsured at the time of the accident (cf. Zelanka v. MVAIC, 32 A.D.2d 847, 302 N.Y.S.2d 506); statements against interest, if voluntarily made, are taken to be true and may dispense with the necessity of introducing further proof of the fact admitted, and may require the party making such admissions to introduce cogent and unquestioned proof to overcome their effect (31A C. J.S. Evidence § 382, p. 930; cf. New York Connecting R. R. Co. v. Queens Used Auto Parts, 273 App.Div. 908, 77 N.Y.S.2d 505, mot. for rearg. den. 273 App.Div. 973, 79 N.Y.S.2d 325, affd. 298 N.Y. 830, 84 N.E.2d 144)."

■ In view of appellees' uncontradicted testimony to the effect that appellant's claims manager admitted that no liability insurance existed on the Cooper vehicle which caused their injuries out of which appellees' uninsured motorist claim arose, we hold that such proof was sufficient, in the absence of proof to the contrary, to support the trial court's finding that the Cooper vehicle was uninsured at the time of the accident.

The cases of State Farm Mutual Automobile Insurance Company v. Matlock, supra, and Members Mutual Insurance Company v. Tapp, 469 S.W.2d 792 (Tex.Sup., 1971) are distinguishable on the facts and therefore are not controlling.

The judgment of the trial court is affirmed.