Ralph EVANS, Appellant,

v.

CASUALTY RECIPROCAL
EXCHANGE, Appellee.

No. 8949.

Court of Civil Appeals of Texas,
Amarillo.

March 26, 1979.

Rehearing Denied April 16, 1979.

Brown & Brown, Phillip S. Brown, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Cecil C. Kuhne, Lubbock, for appellee.

ROBINSON, Chief Justice.

In this workers' compensation suit plaintiff, Ralph Evans, sought total and permanent incapacity benefits as a result of a fall on October 31, 1974, while he was an employee of Big Texan Steak Ranch in Lubbock, Texas. Defendant insurer asserted that any incapacity was solely caused by conditions existing prior to October 31, 1974. On appeal plaintiff challenges the evidentiary support for jury findings that the October 31, 1974, injury was not the producing cause of any incapacity and that the reasonable cost for medical care as a result of the October 31, 1974, injury was $297.00. He also contends that the trial court erred in submitting a sole cause instruction, in admonishing the plaintiff to listen to the questions asked, and in the admission of evidence concerning a prior compensation claim. Affirmed.

The evidence in part shows the following:

On May 14, 1974, approximately five months before the injury in question, plaintiff fell and injured his head, neck, right shoulder, back and various other parts of his body. He was then employed as a cook at South Park Inn in Lubbock, Texas. As a result of these injuries he was unable to work for several months.

After the May 1974 injury plaintiff was hospitalized in June for seven days and in July for fourteen days for back, neck, and shoulder pain, periods of unconsciousness, hypertension, amnesic episodes, and other complaints. His physician observed him having convulsions. During his second hospitalization his physician arranged a consultation by Dr. William Gordon, a neurologist. Dr. Gordon took a history, examined him, and made some suggestions for his treatment. Dr. Gordon's diagnosis was that plaintiff had a tense neck with thoracic outlet syndrome and memory trouble, probably related to his post-concussion syndrome. After plaintiff's doctor released him he continued to have headaches, dizziness, and blacking out. He was unable to bend, stoop, or lift heavy objects. Thereafter, he obtained employment at the Big Texan Steak Ranch in Lubbock, Texas, as a kitchen supervisor, doing only light duty work.

The injury which is the subject of this suit occurred while plaintiff was employed at Big Texan Steak Ranch, as a kitchen supervisor. On October 31, 1974, he fell and hit his head and arm. Following the accident his right arm was put in a sling and a splint was put on the thumb and index finger of his right hand. He was not hospitalized and continued working. He received ultransonic therapy treatments in November 1974.

From November 1974 through August 1975, plaintiff was examined and treated by numerous physicians. His complaints were similar to those in June and July 1974. The records of several of these physicians reflect that plaintiff informed them of only the May 1974 injury.

In September 1975, plaintiff was examined by Dr. Gordon, eleven months after the incident at Big Texan Steak Ranch. Dr. Gordon's diagnosis was cervical syndrome with right thoracic outlet neurovascular compression syndrome, essentially the same

diagnosis as that of July 1974. Dr. Gordon testified that the October 1974 incident at the minimum substantially aggravated his cervical syndrome.

The evidence shows a history of medical problems before the injury of October 1974 and a continuation of those problems in 1975. The evidence also shows that plaintiff has obtained and retained employment at the same or higher rates of pay than before his October injury.

■ We are of the opinion that plaintiff has not established as a matter of law that he suffered any incapacity as a result of the October 1974 injury. There is evidence to support the jury findings that he did not suffer any such incapacity. After a consideration of all of the evidence, we are of the opinion those findings are not against the great weight and preponderance of the evidence. Further, we are of the opinion that the trial court did not err in submitting a "sole cause" instruction. The instruction given stated:

> You are instructed that if the disability of Ralph Evans, was or is, caused solely by or will be caused solely in the future by the injury of Ralph Evans sustained on or about May 14, 1974, and independent of and not aggravated by any injury of October 31, 1974, if any, then, the accident, if any, of October 31, 1974, cannot be the producing cause of the disability, if any, of Ralph Evans for such period of time that it is caused solely by such condition.

■ To defeat a claim for compensation because of a pre-existing injury the insurance carrier must show that the prior injury was the sole cause of the worker's present incapacity. *Texas Employers Insurance Association v. Page,* 553 S.W.2d 98, 100 (Tex.1977). Before the 1973 amendment to Rule 277, Tex.R.Civ.P., abolished the practice of submitting inferential rebuttal special issues, the defense of sole cause would have been submitted as a special issue. The issue of sole cause or sole proximate cause was submitted when the pleadings raised the issue and the evidence showed the causal connection between the pre-existing condition and the injury upon the strength of reasonable probability. *Webb v. Western Casualty & Surety Co.,* 517 S.W.2d 529, 530 (Tex.1974). In the case before us there is ample evidence from which the jury could conclude that plaintiff's incapacity in reasonable probability was caused by the May 1974 injury. Under the present practice the trial court properly submitted the defense in an explanatory instruction. Rule 277, *supra.*

Plaintiff also challenges the legal and factual sufficiency of the evidence to support a jury finding that the reasonable cost expended by plaintiff for medical care reasonably required as a result of the October 1974 injury was $297.00.

■ The only bill admitted for medical care in 1974 was one for $157.00 in November 1974. The remaining bills offered were for medical problems in 1975 and 1976. Under the evidence the jury could reasonably find that those bills were incurred for medical problems unrelated to the October 1974 injury. We do not find that the plaintiff established the cost expended for medical care resulting from the October 1974 injury as a matter of law and, after considering all of the evidence, we find that the jury answer of $297.00 is not against the great weight and preponderance of the evidence.

Plaintiff next contends that the trial court erred in admitting evidence that plaintiff filed a claim for compensation for the May 1974 injury. Defendant read into evidence portions of a claim for compensation for the May 1974 injury. This claim, dated June 23, 1975, and signed by an attorney representing plaintiff, alleged that plaintiff had been totally disabled and unable to hold a job since May 1974.

■ The question of admissibility of petitions, notices of injuries, claims for compensation, and affidavits filed in courts or with the Industrial Accident Board in connection with injuries other than the one sued on in a compensation case is governed by the well-settled rules of evidence. *Hartford Accident & Indemnity Co. v. McCardell,* 369 S.W.2d 331, 337 (Tex.1963). No

rule has been created making privileged the notice of injury and claim for compensation filed with the Industrial Accident Board in a worker's compensation case. *Texas General Indemnity Co. v. Scott,* 152 Tex. 1, 253 S.W.2d 651, 655 (1952). Nevertheless, an objection that this type of evidence is hearsay and prejudicial is good unless it comes under some exception to the hearsay rule. *Hartford Accident & Indemnity Co. v. McCardell, supra,* at 337. Under one of the exceptions to the hearsay rule, any statement made by a party or on his behalf which is inconsistent with his present position on a material matter is receivable as an admission. *Id.* at 337; 2 C. McCormick & R. Ray, Texas Law of Evidence § 1141 (Texas Practice 2d ed. 1956). In other words, there must be found in the plaintiff's testimony an inconsistency between his testimony at the trial and statements made in the documents in question before they can be considered as admissions. *Texas General Indemnity Co. v. Hicks,* 472 S.W.2d 547, 549 (Tex.Civ.App.—Tyler 1971, no writ).

Although plaintiff did not deny in his testimony the fact of the prior injury, there is an inconsistency between the plaintiff's testimony at trial and the statements contained in the document signed by his attorney eight months after the October 1974 injury. This inconsistency is relevant to a material issue in the case. Plaintiff maintained that the injuries he received from the October 1974 injury are the producing cause of his incapacity to labor. Defendant contended that plaintiff was suffering from no disability, but if he was, his incapacity to labor was solely the result of other injuries. Defendant sought to prove this affirmatively by showing that some other injury was the sole producing cause. The statements admitted were relevant to á material issue and were inconsistent with the position taken at trial by plaintiff.

We overrule plaintiff's contention that the trial court erred in refusing to instruct the jury that the jury could consider the evidence concerning the prior claim only for the purpose of impeachment. Admissions made by a party to the suit or his agent are admissible not only for impeachment but also as substantive evidence on a material issue to which they may be relevant. *In re Marsh,* 344 S.W.2d 251, 253 (Tex.Civ.App.—Amarillo 1961, writ ref'd n.r.e.); *Commercial Standard Insurance Co. v. Barron,* 495 S.W.2d 276, 279 (Tex.Civ.App.—Tyler 1973, writ ref'd n.r.e.). No limiting instruction was necessary.

Plaintiff also contends that the trial court erred in refusing to grant plaintiff's motion for a mistrial on the ground that the judge engaged in conduct before the jury calculated to prejudice the claimant. During cross-examination of the plaintiff by counsel for the defendant the judge pointed his finger at plaintiff and said: "Mr. Evans, every question that is asked, you have it repeated. Now, listen to the question."

The statement of facts shows that before this admonition plaintiff had asked defendant's counsel to repeat his question thirteen separate times. A trial judge is allowed considerable discretion in controlling the orderly progress of a trial and we do not find that the statement of the trial judge resulted in embarrassment or prejudice to the plaintiff. *See Hill v. Budget Finance & Thrift Co.,* 383 S.W.2d 79, 83 (Tex.Civ.App.—Dallas 1964, no writ).

Each of appellant plaintiff's points of error is overruled. The judgment of the trial court is affirmed.