Daniel SALDANA, Jr., Appellant,

v.

HOUSTON GENERAL INSURANCE COMPANY, Appellee.

No. 17748.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 11, 1980.

Rehearing Denied Jan. 15, 1981.

Ronald H. Bartlett, Houston, for appellant.

Sewell, Junell & Riggs, J. Palmer Hutcheson, Houston, for appellee.

DOYLE, Justice.

This is a worker's compensation case.

Daniel Saldana, Jr. (appellant) was an employee of Houston Poultry and Egg Company when he fell on March 27, 1976, during the course of his job, sustaining an injury. Because of this injury appellant was required to have knee surgery in April 1976. In October 1976 appellant fell on some stairs and returned to the doctor to have his leg and back examined. While appellant had originally complained of back pain in March 1976, the evidence shows that he did not consider the back injury important until after the fall in October.

Subsequently appellant filed this suit against appellee, Houston General Insurance Company, the carrier of worker's compensation insurance for appellant's employer. Appellant pleads that he had sustained a general injury to his leg and back, or in the alternative, if his injury was confined to his leg that it extended to and affected his back, body, and general health. Appellee answered the suit admitting that appellant fell and sustained a specific knee injury, but that such injury did not extend to and affect the back or the rest of the body.

Trial was to a jury, which answered 24 special issues. In issues 1–6 the jury found that "such injury" was a producing cause of any total and partial incapacity; that the total incapacity began March 27, 1976, and ended July 21, 1977; that partial incapacity began July 21, 1977, and is permanent, causing appellant to suffer a decrease in his earning capacity of $40.00 per week. The jury further found "such injury" was confined to the right leg, and that "such injury" was a producing cause of any total and partial incapacity of use of appellant's right leg; that such total incapacity was temporary beginning March 27, 1976, and ending July 21, 1977, and the partial incapacity beginning July 21, 1977 was permanent. Such partial loss of use of plaintiff's right leg was found to be 22%.

The court entered judgment on the verdict only for the specific injury awarding appellant $3,775.78.

Appellant asserts eight points of error in the trial court judgment, the first of which complains that the trial court erred in entering judgment in the amount of Three Thousand Seven Hundred Seventy-Five and 78/100 Dollars ($3,775.78), and in overruling Plaintiff's Motion for New Trial, because the Judgment does not conform to the jury verdict finding that Plaintiff was permanently partially incapacitated and suffered a loss of wage earning capacity of Forty and No/100 Dollars ($40.00) per week during this period.

Appellant contends that the issues submitted to the jury should be divided into three categories: issues of a general injury (1–6); issues of extension of a specific injury to the body as a whole (7–15) and; issues of a specific injury to the leg (16–24). He then argues that because the jury awarded damages under issues 1–6 and 16–24 it must be concluded that damages should have been awarded for general injuries and for a specific injury. He further claims that since the court only awarded damages for a specific injury in the judgment, that such judgment does not conform to the verdict.

Several cases are cited for the contention that where the judgment fails to conform to the verdict, it may be appealed even though this complaint was never before the trial court. *American General Ins. Co. v. Beare*, 225 S.W.2d 454 (Tex.Civ.App.—Galveston 1949, writ ref'd n.r.e.); *Skeen v. State of Texas*, 550 S.W.2d 713, (Tex.Civ.App.—El Paso 1977, writ ref'd n.r.e.); *Gomez v. Gomez*, 577 S.W.2d 327 (Tex.Civ.App.—Corpus Christi 1979, no writ.)

According to the pleadings in this case, appellant plead he received "an injury to his back and right leg" or in the alternative "that if the initial trauma was confined to his right leg, that said injury extended to and affected his right hip, his back and body generally and affected his overall general health and bodily function."

■ By the answer to this suit, appellee conceded a specific injury to appellant's leg but denied any injury to appellant's back and any general injury. The evidence regarding a general injury was disputed and this issue was submitted to the jury. The jury resolved such dispute in appellee's favor stating there was only an injury to appellant's right leg. Although the issues 1–6 may have been better arranged had issue 7, asking whether the injury was specific or general, been issue number 1, it seems clear the jury construed the words "such injury" to refer to the injury to the right leg. To interpret this verdict as appellant advocates would deny appellee the right to defend its position of no general injury. Neither can we find any merit to appellant's contention that the trial court committed fundamental error in its judgment based on the jury's findings on these issues. Fundamental error generally involves an error which is important to the public interest, and it is unnecessary to examine the statement of facts to discover such alleged error. *Ramsey v. Dunlop*, 146 Tex. 196, 205 S.W.2d 979 (1947); *Cain v. Zurich Insurance Company*, 426 S.W.2d 575 (Tex.Civ.App.—Dallas 1968, no writ). Point of error 1 is overruled.

By points of error 2 and 3, appellant argues that there was insufficient evidence, or the great weight and preponderance of the evidence was against the finding of a loss of weekly wage earning capacity in the amount of $40.00 per week.

■ In a worker's compensation case, duration and extent of disability is at best an estimate which must be determined by the trier of fact from a review of all of the evidence before it. *Texas Employers' Insurance Association v. Steadman*, 415 S.W.2d 211 (Tex.Civ.App.—Amarillo 1967, writ ref'd n.r.e.).

The appellant testified that he was unable to work since the accident. However, he also testified that subsequent to the accident he had worked at two different jobs. He said he was fired from the first job and he left the second job after three or two months because he couldn't do the work and "I was doing a graveyard shift." Appellant's wife testified that he cannot do any of the household chores he could do prior to the accident. Dr. Baker, who treated appellant after the accident, stated that he would not pass appellant for an employment physical. He also testified he would not have passed the appellant before the accident due to the fact appellant had congenital hip disease and his left leg was shorter than the right leg. The doctor further testified:

Answer: ... And I do not feel that the injury to his knee, in my opinion, has compromised him from doing what he was doing prior to his knee injury.

But, as I previously stated, I was a little bit surprised that he was doing the type of work that required him to be on his feet as much as he was. I'm a little bit amazed that he was able to do it before, apparently, and I do not feel that the subsequent injury to his knee resulted in enough additional problem that it would keep him from doing what he was doing before.

Additional testimony from Dr. Baker was to the effect that the knee should be healed in 4 to 6 months after the surgery and that he felt they had a pretty good result from the surgery. Finally, Dr. Baker testified that he felt that appellant suffered a 15% disability from the injury to his knee.

■ From such evidence the jury could find that appellant was not totally disabled. While there was no testimony giving a percentage as to appellant's salary, the doctor did discuss a 15% disability. The parties stipulated prior to trial that appellant was making $125.00 per week and the jury found a $40.00 per week decrease, as disability compensation. This amount is greater than the 15% disability. There is sufficient evidence to support the jury's finding. Points of error 2 and 3 are overruled.

By points of error 4, 5 and 6, appellant complains that there is no evidence, insufficient evidence or the great weight and preponderance of the evidence do not support the submission and the finding of special issue no. 7 that appellant's injury was confined to the right leg and did not extend to or affect his back.

Contained in appellee's pleadings was the denial that appellant's injury was a general one. Appellee specifically pleaded that this injury was confined only to the right leg.

The evidence regarding confinement of this injury to the right leg was disputed. Appellant testified that when he first fell he hurt his knee and he also had pain in his back. He reported pain in his leg and back to the doctors. Dr. Baker testified that appellant initially complained of pain in his back and leg. However, the pain in his back was not nearly as great as the pain in his leg. On subsequent visits to Dr. Baker, appellant did not complain of the back pain. About six months later, appellant started complaining of back pain again and told the doctor that he had fallen down a stairway. This second accident occurred more than six months after the injury and operation to appellant's knee.

■ In the pleadings, appellant refers only to the initial accident on March 27, 1976. It was not until an accident in October 1976, that appellant seriously complains of a back problem. When appellant returned to the doctor in October complaining of back pain, three different tests were run on appellant. From the negative results of these tests, Dr. Baker testified that he felt that there was no evidence of a back problem either from the initial injury or at the time of the second accident. The foregoing evidence was sufficient to support the jury finding that appellant's injury was confined only to his right leg.

■ Appellant further complains that the disjunctive submission of special issue 7 shifted the burden of proof from defendant to plaintiff.

It is to be noted that appellee did plead and present evidence that the injury was confined only to appellant's right leg. In accordance with a recent Texas Supreme Court case this issue was properly submitted in the disjunctive. In the case of *Burns v. Union Standard Insurance Company*, 593 S.W.2d 309 (Tex.1980) the court approved submission of this issue, explaining:

... The pleadings here squarely raised the issue of whether the injury was a general injury or was confined to the left foot and leg below the knee. It was conceded by insurer that Mrs. Burns had sustained an accidental injury. Under the testimony adduced herein, she was entitled to recover either for a general injury or for an injury to her left foot and leg below the knee. This posture of the case brings it within the defined parameters of Rule 277 wherein disjunctive issues are permitted. In fact, the rule

specifically authorizes a disjunctive submission in a workers' compensation case. The disjunctive form of submission of the "confinement" issue is recommended by the committee on Pattern Jury Charges to avoid problems with the burden of proof. 2 State Bar of Texas, Texas Pattern Jury Charges § 26.15 (1976 Cum. Supp. pg. 26). We hold that the trial court did not abuse its discretion in submitting Special Issue No. 1 in disjunctive form.

As in the *Burns* case, appellee admitted an injury occurred but denied it was a general injury extending to the rest of the body. We find no merit in points of error 4–6.

■ By his seventh point of error, appellant argues that the court erred in submitting the negative definition of "extend to and affect" in its charge to the jury because the submission is misleading in that it incorrectly states the doctrine of extension of a specific injury to a general injury where there is actual injury to the physical structure sought to be extended and amounts to a comment on the weight of the evidence by the court.

At Defendant's request, the trial court submitted the following definition of extend to and affect:

"An injury does not extend to and affect other parts of the body if the use or attempted use of the injured member merely results in pain or other subjective complaints in such parts of the body without producing damage or harm to the physical structure of such other parts."

With regard to appellant's back being structurally affected, the doctor could find no problems with appellant's back, after performing several tests on appellant. As a matter of law, pain alone cannot be considered as structural damage to another part of the body. *Texas Employers' Insurance Association v. Eskue*, 574 S.W.2d 814 (Tex.Civ.App.—El Paso 1978, no writ.) Appellant's point of error is overruled.

By his final point of error, appellant argues that the trial court erred in admitting into evidence, over his objection, a xerox copy of appellant's notice of injury and claim for compensation filed with the Industrial Accident Board because it was hearsay and did not come under any exception to the hearsay rule and because it violated the best evidence rule.

During the trial, appellee introduced into evidence a copy of the IAB claim report to show that there was no witness to the accident in question. Appellant had previously testified that a fellow employee, Willie Tobin, had witnessed this accident. In the IAB report appellant did not mention that anyone was a witness to the accident, nor did he complain of any back problems. He stated, "I later learned I had injured my right knee, right leg, and body generally."

■ Appellant conceded in his brief that "If there was anything inconsistent with any of plaintiff's testimony the document might have been offered as an admission." Willie Tobin testified that he was not present during the alleged accident, nor did he witness plaintiff having immediate back pain thereafter. This was inconsistent with appellant's testimony. *Evans v. Casualty Reciprocal Exchange*, 579 S.W.2d 353 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.). Since the document was not offered to prove the contents thereof, the best evidence rule is not applicable. *Prudential Insurance Company of America, Inc. v. Black*, 572 S.W.2d 379 (Tex.Civ.App.—Houston [14th Dist.] 1978.) Appellant has not shown that this error, if any, has harmed him or caused an improper verdict to be rendered. Point of error 8 is overruled.

The judgment of the trial court is affirmed.

COLEMAN, C. J., and WALLACE, J., also sitting.