Tex Emp Ins Assn v. Duke 






AFFIRMED
AUGUST 23, 1990

NO. 10-89-173-CV
Trial Court
# 5,977
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

TEXAS EMPLOYERS' INSURANCE ASSOCIATION,
   Appellant
v.

HENRY DUKE,
   Appellee

* * * * * * * * * * * * *

 From 12th Judicial District Court
Madison County, Texas

* * * * * * * * * * * * *

Appellant Texas Employers' Insurance Association (TEIA)
appealed from a judgment rendered on a jury verdict in favor of
appellee Henry Duke for benefits under the Texas Workers'
Compensation Act for total and permanent incapacity resulting from
an injury he sustained on April 5, 1989 in Waller County, Texas
while in the course and scope of his employment with Pool
Company/Ensearch Corporation. See Tex.Civ.St. art. 8306. Duke had
appealed the award of the Industrial Accident Board by giving the
requisite statutory notice and by filing suit in Madison County
early on the morning of July 26, 1988. Later that morning TEIA
also filed suit in Brazos County to set aside the Board award
alleging that Duke's residence was in College Station at the time
of the accident. 
TEIA filed a Plea to the Jurisdiction, Motion to Transfer
Venue and Original Answer in the Madison County suit. In its
Motion to Transfer, TEIA objected to venue in Madison County on the
grounds that neither the location of the accident nor Duke's
residence at the time of the accident was Madison County. See
Tex.Civ.St. art. 8307(a). Duke alleged in his response to the
Motion to Transfer that Madison County remained his permanent
residence and domicile at the time of the accident. The response
was accompanied by supporting affidavits. The trial court denied
TEIA's Motion to Transfer Venue in November 1988. 
Following a jury trial in March 1989 in which the nature and
extent of Duke's injuries were in dispute, the trial court rendered
judgment on the verdict awarding total and permanent disability
benefits to Duke. TEIA appeals on two points of error. Neither
questions the legal or factual sufficiency of the evidence in
support of the jury's verdict.
TEIA complains in point one that the trial court erred in
denying its Motion to Transfer Venue. The Workers' Compensation
Act provides that a party desiring to appeal an Industrial Accident
Board decision shall ". . . . bring suit in the county where the
injury occurred or in the county where the employee resided at the
time the injury occurred or, . . . ." Tex.Rev.Civ.Stat.Ann. art.
8307(a). It is uncontested that the accident and injuries occurred
in Waller County. The question before this court is whether Duke
was a resident of Madison County or of Brazos County when the
injury occurred. 
At the time of Duke's accident and injuries in Waller County,
Duke and his family were living in an apartment in College Station,
Brazos County, under a lease for six months. Duke acknowledged at
trial that he had a sister living in College Station, either in the
same apartment complex or nearby. The lease agreement reflected
his prior address as a route and box number in Midway, Georgia. 
Duke testified that he had moved his family to College Station upon
his release from the army in order to gain some privacy from their
in-laws who lived in Madison County. They had loaded what
possessions they could into their car for the move to College
Station, leaving the remainder in storage in Houston. After the
move to College Station, Duke began working for Pool. 
The record reveals that Duke had been raised and had resided
in Madison County for most his life, the exception being the time
he spent in the army. His mother and stepfather continue to live
in Madisonville, and Duke contends that their home remained his
fixed place of abode, or domicile, while he was in the army as well
as after the move to College Station and at the time of his on-the-job injury on April 5, 1988. His driver's license shows a
Madisonville address. Duke's affidavit accompanying his response
to the Motion to Transfer indicated that he had lived for the last
ten years with his mother and stepfather in their home at 210 Ivey
in Madisonville. Duke further states in his affidavit that he is
and has been a registered voter (registration number 6641) in
Madison County since 1982, having voted in both general and special
elections in Madison County, and that he has never considered
himself a resident of Brazos County. He denied at trial ever
registering to vote in Brazos County. 
The affidavit of the tax assessor-collector of Madison County,
which was also attached as an exhibit to Duke's response to TEIA's
Motion to Transfer, showed Duke as a registered voter in Madison
County since 1982. The tax assessor-collector stated, on her own
personal knowledge, that Duke had resided in both his in-laws' home
and that of his parents in Madisonville. The record further shows
that at the time he sustained the injuries in question, he and his
wife were in the process of purchasing the home in Madisonville
that they now occupy. According to Duke, their loan was approved
four days after his accident. Duke testified that at the time of
their move to College Station they were on several waiting lists
for apartments in Madisonville and had been attempting to find a
house to purchase there. Both Duke and his wife indicated that,
even while living in College Station, they spent weekends and most
of their spare time in Madisonville.
The evidence before us clearly indicates that Duke and his
wife intended to return to what they considered their permanent
domicile in Madison County and that they considered their stay in
College Station to be nothing more than temporary. We hold that
the trial court correctly denied TEIA's Motion to Transfer. Venue
was proper in Madison County in light of the evidence of Duke's
intent and his ongoing residence there and because Duke was the
first to perfect his appeal of the Board's decision by filing suit
in Madison County, thus giving Madison County dominant
jurisdiction. See Curtis v. Gibbs, 511 S.W.2d 263, 267 (Tex.
1974); Andrews v. Utica Mutual Ins. Co., 647 S.W.2d 22, 25
(Tex.Civ.App.--Houston [1st Dist.] 1982, writ dism'd). Point one
is overruled.
TEIA complains in Point 2 that the trial court erred in
refusing to admit into evidence the "Notice of Injury and Claim for
Compensation" which had been filed with the Industrial Accident
Board. TEIA sought to have the report introduced into evidence at
trial to impeach Duke's trial testimony regarding the nature and
extent of his injuries, specifically his claimed loss of hearing. 
Contrary to Duke's testimony, the report makes no mention of any
loss of hearing or problems with the left ear. The report does
list injuries to Duke's ribs, right arm, kidney, and back with
those injuries extending to and affecting his body generally. The
jury found that Duke's injury of April 5, 1988 included his right
shoulder, neck, head, back and hearing loss and was not confined to
his right arm. 
A consideration of the entire record reveals abundant
evidence, primarily in the form of medical records admitted into
evidence at trial, which substantiates Duke's claim of injuries
sustained to numerous parts of his body, including but not limited
to his right arm, when he was thrown from an oil rig when the cable
he was holding slipped, then snapped tight, catching him under his
right arm and throwing him a distance from the rig. The medical
records not only refer to his complaints of ringing in his left ear
as well as a hearing loss but also reflect that Duke suffered a
closed-head injury, broken ribs and a large laceration to and soft
tissue injury in his right arm, accompanied by loss of right biceps
function.
Even if exclusion of the Notice of Injury was error, we do not
feel that the jury could have rendered a different verdict had it
been able to consider the evidence in question. Even if the Notice
of Injury had caused the jury to question or doubt Duke's hearing
loss, the fact of injury to other parts of his body and the jury's
finding to that effect would not have been affected in light of the
other evidence introduced. See Texas General Indemnity Co. v.
Scott, 253 S.W.2d 651, 655 (Tex.1953); Saldana v. Houston General
Ins. Co., 610 S.W.2d 807, 811 (Tex.Civ.App.--Houston [1st Dist.]
1981, writ ref'd n.r.e.). We find and hold that the trial court's
exclusion of the Notice of Injury did not amount to such a denial
of the rights of TEIA as was reasonably calculated to cause
rendition of an improper judgment in the case. Thus the error does
not require reversal of the judgment. Rule 81(b)(1), Tex.Rules
App.Proc. Point two is overruled.
The judgment is affirmed.
 
                          
VIC HALL
DO NOT PUBLISHJustice