**Rachel Saunders BEYNON et vir, Appellants,**

**v.**

**Dale Lee CUTBERTH, Appellee.**

**No. 3974.**

Court of Civil Appeals of Texas.

Eastland.

April 23, 1965.

Rehearing Denied May 21, 1965.

Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellants.

Robert L. Templeton, Amarillo, for appellee.

WALTER, Justice.

Dale Lee Cutberth filed suit against Rachel Saunders Beynon and her husband James E. Beynon for damages resulting from an automobile collision. Based on a verdict, judgment was rendered that the plaintiff recover $40,757.40 from the defendants. The defendants have appealed.

Appellant Mrs. Rachel Saunders Beynon testified substantially as follows: I am seventy years of age and I have lived in Amarillo about 39 years. I was going to my daughter's home the day the accident occurred. I stopped at the stop sign on Wolflin Street and proceeded on down Austin Street. I looked down the street and didn't see anyone, turned on my

blinkers and as I approached my daughter's driveway Cutberth's car hit my car. I talked to the officer who investigated the wreck. I told him it was my fault "because I didn't look when I turned in there."

The jury found that Mrs. Beynon turned her vehicle to enter the driveway when such movement could not be made with safety, that she failed to give a signal of her intention to make a left turn, that said acts constituted negligence and a proximate cause of the collision. The jury also found that Mrs. Beynon failed to keep a proper lookout which was a proximate cause of the collision. The jury did not convict Cutberth of any act of contributory negligence. The jury awarded Cutberth $757.40 for orthopedic appliances. In answer to issue 13, the jury awarded $43,000.00 for physical pain, mental suffering and diminished earning capacity. The court found that the jury's answer of $43,000.00 was not supported by the pleadings and reduced it to $40,000.00. Appellants contend there is no evidence to support the jury's answer to issue 13.

Appellee Cutberth testified substantially as follows:

After I had the collision with Mrs. Beynon, my right arm hurt. The accident happened between 8:30 and 9:00 a. m. on Saturday, September 28th, 1963. Before the accident I was in real good health. I worked at the Village Plymouth as a car salesman. I was feeling a bit nervous, but I worked the rest of the day. The next day I was stiff and sore. "Well, Sunday, I was hurting all up and down my back and leg. My right leg." The following Tuesday or Wednesday I went to see Dr. McMennamy, a chiropractor. He gave me some adjustments and heat treatments. I took these treatments for about three weeks. I had pain in my neck and right arm. My hand feels numb and at night "it goes plumb to sleep on me." I was having severe headaches. Dr. McMennamy's treatment seemed to help my headaches and pain in the neck, but not my back and leg. Thereafter

I went to Dr. Citron for about a month. About the middle of October I went to the orthopedic place and had a brace made. I am still wearing the brace. At the same time I got a cane. I used the cane for about four months.

Thereafter, I went to Dr. Stout. I went to the hospital in February and was placed in traction. Today I am not feeling very good. My back hurts all the time. I am making about half as much money since the accident as I made before. Cutberth introduced medical testimony that he had been placed in the hospital and placed in traction for his back condition. Dr. Stout testified:

"Well, he has this spondylolisthesis with this compression, and he will have pressure on his back from now on in varying degrees, according to what he does, whether he wears his brace all the time or whether he goes ahead and has surgery on it, or what he does.

"He is not going to get over it unless he has complete surgery of it and gets complete relief, which he may not completely get relief that way."

Mrs. Dale Cutberth testified that during her 13 years of married life with Dale Cutberth he had been in good health and had no back trouble. The record shows that Cutberth has a life expectancy of forty one years.

We find that the foregoing testimony and other facts and circumstances in evidence constitutes some evidence of probative force which supports the jury's answer to the damage issue. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059.

Appellant contends jury misconduct occurred because the jury considered and discussed the fact that she had $50,000.00 insurance coverage.

Members of the jury testified as follows:

Mrs. Casey testified there was no discussion of insurance. Mr. Randolph testified

that insurance was not discussed. Mr. Bartholomew testified there was no mention of insurance in their deliberations. He was foreman of the jury. After they had reached a verdict and after he had signed it, they knocked on the door for the court. They had to wait fifteen or twenty minutes. While they were waiting some mention was made of insurance in a casual way. Ruth Barnett testified that after the jury had answered the damage issue there was a discussion about insurance. Mr. Glass testified that after their deliberations were completed and while they were trying to get out of the jury room there was some general talk about insurance. Noral C. Coffer testified that there was a discussion of insurance but that, as he recalls, it was after the damage issue was answered. Appellant contends that the jury during their deliberations discussed the possibility that Cutberth might undergo a back operation in the future which operations are only about 80% successful and also discussed the cost and expense of such an operation. She contends this constitutes jury misconduct. The testimony from the jurors on these matters was inconsistent and contradictory.

■ Appellant has the burden of proving by a preponderance of the evidence that such misconduct occurred and that such misconduct probably resulted in injury to them. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462. Whether or not misconduct occurred is a question of fact but whether or not injury probably resulted is a question of law. Rule 327, Texas Rules of Civil Procedure. Trousdale v. Texas & New Orleans Railroad Company, Tex.Civ. App., 264 S.W.2d 489, affirmed 154 Tex. 231, 276 S.W.2d 242. Where the testimony is inconsistent and contradictory the court in passing upon the credibility of the witnesses may disregard the testimony. Monkey Grip Rubber Company v. Walton (Tex. Com.App.), 122 Tex. 185, 53 S.W.2d 770. The court is also warranted in finding there was no misconduct where the testimony is conflicting. Price v. Biscoe (Tex.Com. App.), 141 Tex. 159, 170 S.W.2d 729. The

testimony of the jurors was so uncertain and conflicting the court was warranted in finding that no misconduct occurred. However, if we be mistaken about this, when we consider the matter in the light of the entire record, we find there is no showing that such misconduct, if any, probably resulted in injury to appellants.

Appellants contend that appellee's counsel committed error in his argument to the jury. Appellants' counsel made the following objection to the argument:

"We feel that this argument is improper because the Court had charged the jury it is his obligation and duty to prove his injuries; it is not my duty, so therefore, we feel that he is out of line." The record does not show that the court made a ruling on this objection.

■ "Before a judgment is reversed because of argument of counsel two things must appear: the argument must be improper, and it must be such as to satisfy the reviewing court that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case." Aultman et vir v. Dallas Railway & Terminal Company, 152 Tex. 509, 260 S.W.2d 596. We have carefully considered the argument. We do not think the nature of the argument was such as was reasonably calculated to cause and probably did cause the rendition of an improper judgment.

■■ We find no merit in appellants' contention that the court erred in permitting traffic investigator Perkins to give his estimate of appellee's speed prior to the collision. Perkins had been a traffic investigator with the Amarillo Police Department approximately eighteen months at the time of trial. His job was to investigate automobile accidents. He testified that he had investigated hundreds of accidents since September, 1963. He examined the cars at the scene of the accident. He examined the skid marks of Cutberth's car and found 43 feet of skid marks. He was asked if he

could estimate the speed of an automobile after investigating the scene of the accident, measuring the skid marks and making an examination of the pavement. He answered "Estimate, yes, sir." Appellants' objection was that "no qualifications or factual basis had been shown from which the witness could testify." He then testified that he estimated the speed of Cutberth's car at twenty five to twenty eight miles per hour before he applied his brakes and before the collision. Cutberth testified he was driving between twenty and thirty miles per hour. Jerry Blanscet had been following Cutberth's car since he left home and was about two car lengths behind him. He was a witness to the accident. He testified he was traveling about twenty seven miles per hour. The appellant pleaded that appellee was guilty of negligence in driving his automobile at an excessive rate of speed. Appellant offered no evidence on appellee's speed. The testimony of officer Perkins on speed was cumulative of the testimony of Cutberth and Blanscet which was admitted without objection. In Whitener v. Traders and General Ins. Co., 155 Tex. 461, 289 S.W.2d 233 the Supreme Court said:

> "Since another witness corroborates the account given by plaintiff-petitioner of the way and manner in which he received the alleged injury, the testimony of Ellis is not controlling but cumulative only and this Court in that case will ordinarily not reverse for erroneous ruling on admissibility of evidence."

We have considered all the evidence and have concluded that the award of $40,000.00 is not excessive. World Oil Co., Inc. v. Hicks, 129 Tex. 297, 103 S.W.2d 962; Flanigan v. Carswell, 159 Tex. 598, 324 S.W.2d 835; Wilson v. Freeman, 108 Tex. 121, 185 S.W. 993.

We have considered all the evidence and have concluded that the jury's award of $43,000.00 in answer to issue number 13, which was reduced by the court to $40,-000.00 to conform to the pleadings, is not contrary to the weight and preponderance of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

We have considered all of appellants' points and find no merit in them. They are overruled.

The judgment is affirmed.