**Ruby J. BURNS, Appellant,**

v.

**UNION STANDARD INSURANCE COMPANY, Appellee.**

**No. 18089.**

Court of Civil Appeals of Texas, Fort Worth.

April 12, 1979.

Rehearing Denied May 10, 1979.

Miller, Gann & Perdue and Lennon C. Wright, Houston, for appellant.

Hudson, Keltner, Smith, Cunningham & Payne and H. S. Sparks III, Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

This is a worker's compensation case. A claimant appeals a judgment providing her recovery for the permanent partial loss of use of a foot found by the jury. The claimant alleges error in the court's jury charge and that the jury's verdict finding a specific rather than a general injury is not supported by the pleading or evidence. The claimant also complains the evidence does not support the jury verdict finding a 10% permanent partial loss of use of a foot.

We affirm.

Mrs. Ruby Burns was employed by her husband's construction company, Freddie Burns General Construction Company. In her petition she alleged the following:

"On or about the 30th day of September, 1974, Ruby Jean Burns was an employee of the Freddie J. Burns Construction Company. As she was working cleaning up the work area of trash she stepped off the porch of the house that she was working on and turned her ankle and fell to the ground. This occurred while Ruby Jean Burns was on the job and in the course and scope of her employment for the Freddie J. Burns Construction Company in Olney, Young County, Texas. It resulted in an injury, as that term is defined by the Texas Worker's Compensation Law, to her left ankle, leg, hip and her back. Her injury to the back was (sic) resulted in what is called by doctors, nerve root irritation. These injuries have permanently disabled Ruby Jean Burns to such an extent that she cannot get and keep a job doing the heavy lifting, bending, stooping, climbing and squatting required of a worker."

In its answers to the request for admissions propounded by Mrs. Burns, the compensation carrier admitted that Mrs. Burns sustained an injury on the day in question while in the course and scope of her employment. However, the carrier pled:

"For further answer, if same be necessary, Defendant says that in regard to the accidental injury allegedly sustained by Plaintiff on September 30, 1974, that same was a specific injury, to-wit, to the Plaintiff's left ankle and foot, and the injury and its effect, as well as any disability sustained by the Plaintiff are limited and confined to her left ankle and left foot."

The trial court submitted the case to the jury on special issues. Special issue number 1 is as follows:

"Do you find from a preponderance of the evidence that Plaintiff received an injury on or about September 30, 1974, which included her hip and back, or was such injury confined to her left foot and leg below the knee?

"If you find from a preponderance of the evidence that such injury included her left hip and back, you will answer 'It included her left hip and back'; otherwise, you will answer 'It was confined to her left foot and leg below the knee'.

"Answer: *It was confined to her left foot and leg below the knee.*"

Mrs. Burns claims the trial court erred in submitting special issue number 1 because the confinement of the injury to the left foot and leg below the knee pled by the carrier is an inferential rebuttal to her allegation of total and permanent disability because of a general injury. She correctly states the general rule that submission of inferential rebuttals is prohibited and that they are to be included in the charge by explanatory instruction. Rule 277.*

Mrs. Burns's position is that she was entitled to have the jury decide whether she should recover for total and permanent disability resulting from a general injury or whether she should take nothing. Thus, she wanted all or nothing by her suit. She claims she was prejudiced by the disjunctive submission of the inferential rebuttal in special issue number 1 because it allowed the jury to compromise by reaching a verdict awarding her recovery for permanent partial loss of use of a foot.

■■ The main reason submission of inferential rebuttals is prohibited by Rule 277 is to avoid conflicting answers to special issues. Where one of two fact situations necessarily exists, Rule 277 authorizes disjunctive submission of an issue asking the jury to decide which of the two facts exists by a preponderance of the evidence. Here because the carrier pled a specific injury to the left foot and leg below the knee, and admitted liability therefor, the issue was whether the injury included the leg above the knee, hip, and back. While there may be better ways to submit this issue, we find no error in the issue as submitted. The issue as submitted was not confusing and there was no apparent possibility of a conflict with other findings. While we appreciate Mrs. Burns's concern with how a jury might be inclined to dispose of her case, there is nothing in the record to indicate that the jury acted in any manner other than to follow the court's charge and answer special issue number 1 according to the preponderance of the evidence. Therefore, it is our opinion there is no reversible error in the manner special issue number 1 was submitted.

■ Mrs. Burns contends the trial court erred in rendering judgment based on the verdict because the verdict fails to conform to the pleadings and evidence in the case. Mrs. Burns claims she pled only one theory of recovery, a total and permanent disability caused by a general injury. Therefore, she asserts that recovery for permanent partial loss of use of a foot is contrary to her pleadings. She correctly states the general rule that the judgment must conform to the pleadings and evidence. Rule 301. Further, she urges the rule that a claimant is not entitled to recover for a specific injury unless he pleads a specific injury. She cites *Banks v. Millers Mutual Fire Ins. Co. of Texas,* 476 S.W.2d 768 (Tex.Civ.App.— Texarkana 1972, no writ). There a claimant pled only a general injury and the court held the claimant was not entitled to recover for the specific injury found by the jury.

In reviewing the pleadings in this case we note that Mrs. Burns, in her prayer for relief, requested such relief "special and general, at law and in equity, to which she may show herself justly entitled . . ." Also the carrier pled a specific injury to the left foot and leg below the knee. Thus, a specific injury was pled and Mrs. Burns requested any recovery which the jury might find she was entitled. Therefore, in our opinion the judgment does conform to the pleadings in this case. Her point of error on this contention is overruled.

* All references to rules are to Tex.R.Civ.P.

Mrs. Burns's next complaint is that the trial court erred in rendering judgment based on the jury's answer to special issue number 1, because there is no evidence supporting the submission of the issue or the answer thereto. We have reviewed the record and find there is evidence to support the submission of and answer to special issue number 1. Mrs. Burns also claims that the evidence is insufficient to justify submission of special issue number 1.

Generally the trial court may properly submit a special issue if there is *any* evidence to support it. As a general rule the court can properly submit an issue even if, in its opinion, an affirmative answer would be against the great weight and preponderance of the evidence. Therefore, a point of error claiming that an issue should not have been submitted because there is insufficient evidence to support it, or because an affirmative answer thereto would be against the great weight and preponderance of the evidence, will generally be summarily overruled. In our opinion *this is the reasoning behind the rule in Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965), that a contention that an issue should not have been submitted because the insufficiency of the evidence can mean only that there is no evidence to warrant submission of the issue. Because we have found there is evidence to support the submission of the issue we overrule this contention.

Mrs. Burns next asserts that the jury's answer to special issue number 1 is so against the great weight and preponderance of the evidence as to be manifestly wrong. The jury found that Mrs. Burns's injury was confined to her left foot and leg below the knee. Thus the jury failed to find that the injury included her left leg above the knee, hip, and back. Upon reviewing the record we find the evidence of the extent of Mrs. Burns's injury is conflicting. Mrs. Burns testified that she twisted her ankle and fell to the ground from a height of about one step and that she hurt her back and leg and "exploded in pain." She was taken to her doctor who diagnosed the injury as an ankle sprain. Months later she complained of burning sensations through her leg radiating to her great toe. She consulted a specialist and was diagnosed as having nerve root irritation at the level of L–5.

The specialist testified that such irritation could have several causes including her fall in September of 1974. Although the specialist testified that it was possible the fall caused the irritation and that this was the only explanation he could give based on the information he received from Mrs. Burns, he testified he would like to tie the irritation to some other cause. He was bothered by the length of time between the ankle sprain and the complaint of the pain produced by the nerve root irritation. He testified that assuming the back was injured during the fall and the nerve irritated, it was unusual but not impossible for Mrs. Burns to go so long without noticing or reporting the symptoms of the nerve root irritation.

From our reading of the record we conclude that the jury did not have to believe that Mrs. Burns injured her back when she fell in September 1974. Although there is evidence that she did and reasonable minds might differ, we cannot hold that the jury's answer to special issue number 1 is so against the great weight and preponderance of the evidence so as to be manifestly unjust. Therefore, Mrs. Burns's point of error on this contention is overruled.

Mrs. Burns's last point of error complains of special issue number 7a and the jury's answer thereto. Special issue number 7a is as follows:

"Find from a preponderance of the evidence the degree of such partial loss of use of Plaintiff's left foot?

"Answer by giving the percentage of loss of use.

"Answer   10%."

Her point of error states that the evidence was insufficient to justify the submission of this issue. For the reasons stated above this presents a no evidence question. We find that there is evidence which supports submission of this issue and overrule this contention.

■ Her final complaint is that the finding of 10% permanent partial disability is so against the great weight and preponderance of the evidence so as to be manifestly wrong. After the jury had found that Mrs. Burns had a permanent partial loss of use of her left foot, special issue 7a asked them to find the percentage of disability. Mrs. Burns claims the testimony of the specialist was that she had a ten per cent disability related only to the nerve root irritation in her back. After carefully reviewing the record we conclude that Mrs. Burns is correct. The only testimony concerning any degree of permanent partial disability related to disability caused by the nerve root irritation in the back rather than her foot and ankle injury. Because the jury failed to find that her back was injured in the fall, the nerve root irritation has not been shown to be compensable.

■ The record reflects that the symptoms of which she now complains are diagnosed as resulting from the nerve root irritation. Mrs. Burns, her doctor, and the specialist all testified that the ankle sprain had healed. From the record as a whole we conclude that the great weight and preponderance of the evidence is that Mrs. Burns fully recovered from her foot and ankle injury. Therefore, the finding of 10% permanent partial loss of use of those members can be considered against the great weight and preponderance of the evidence. However, to constitute reversible error the verdict must not only be against the great weight but also be manifestly wrong and unjust. See Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 TEXAS L.REV. 361 (1960).

We do not find the verdict in this case manifestly wrong or unjust. In fact the verdict favors Mrs. Burns. If the verdict harms either party it harms the carrier because it must pay the judgment. However, the carrier has not assigned any cross-points of error complaining of the judgment. It prays that the judgment of the trial court be affirmed in all respects. Therefore, no further comment is warranted. We overrule Mrs. Burns' final point of error.

We have severally considered each of the points of error presented in complaint of the trial court's actions and each is overruled.

Affirmed.