Ruby J. BURNS, Petitioner,

v.

UNION STANDARD INSURANCE COMPANY, Respondent.

No. B–8552.

Supreme Court of Texas.

Jan. 16, 1980.

Rehearing Denied Feb. 27, 1980.

Miller, Gann & Perdue, Lennon C. Wright, Milton H. Fried, Jr., and Robert A. Berry, Houston, for petitioner.

Hudson, Keltner, Smith, Cunningham & Payne, H. S. Sparks, III, Fort Worth, for respondent.

BARROW, Justice.

This is a workers' compensation case. The trial court entered judgment on the jury verdict whereby petitioner, Mrs. Ruby J. Burns, recovered compensation for an injury to her left foot and leg below the knee. The court of civil appeals affirmed. 580 S.W.2d 650. The determinative question presented by this appeal is whether reversible error is presented by the trial court's submission in disjunctive form of Special Issue No. 1 wherein the jury found the extent of petitioner's injury. We hold that it was not error to submit the issue in this form and affirm the judgment of the court of civil appeals.

Mrs. Burns, who was employed by her husband's construction company, was injured on September 30, 1974 when she stepped off the porch of the house that she was working on, turned her ankle and fell to the ground. She alleged that this "resulted in an injury, as that term is defined by the Texas Workers' Compensation Law, to her left ankle, leg, hip and her back." She prayed for judgment "for 401 weeks at the rate of $70.00 per week as allowed by law, plus interest on all past due and unpaid installments, together with interest on the judgment at the legal rate, that she recover her costs of court in this behalf expended, and that she have such other and further relief, special and general, at law and in equity, to which she may show herself entitled, and for which she will in duty bound ever pray."

Respondent, Union Standard Insurance Company, affirmatively alleged that the injury sustained by Mrs. Burns was a specific injury, to-wit, to her left ankle and foot, and the injury and its effect, as well as any disability sustained by her was limited and confined to her left ankle and left foot. See McCartney v. Aetna Casualty & Surety Company, 362 S.W.2d 838 (Tex.1962).

The fact that Mrs. Burns sustained an accidental injury in the course and scope of her employment was not in controversy. It was undisputed that respondent paid compensation benefits from October 1974 through March 1975. The nature and extent of this injury was vigorously controverted. There was substantial evidence introduced that the injury, and the effects thereof, was confined to her left foot and leg below the knee. She went to her family doctor shortly after the accident and his treatment of her, prior to July 1, 1975, related only to the ankle injury. His records mention only the ankle and foot until July 1975 when he noted she had back complaints. When the ankle did not respond to his treatment, she was sent by him to an orthopedic surgeon in Fort Worth. This doctor first saw her on January 31, 1975 and her complaints at that time related only to the left ankle. His records show that as late as June 1975, her complaints to him were confined to the ankle and foot. It was not until July 25, 1975 that this doctor began to suspect that she had a nerve root irritation in her lower back. Mrs. Burns had been injured in automobile collisions in 1973 and 1977 and the essential medical question before the jury was whether her back trouble related to the accidental injury she sustained on September 30, 1974 when she twisted her ankle or was a result of one of the automobile collisions.

Special Issue No. 1, as found by the jury, is as follows:

"Do you find from a preponderance of the evidence that Plaintiff [Mrs. Burns] received an injury on or about September 30, 1974, which included her hip and back, or was such injury confined to her left foot and leg below the knee?

"If you find from a preponderance of the evidence that such injury included her left hip and back, you will answer 'It

included her hip and back'; otherwise, you will answer 'It was confined to her left foot and leg below the knee'.

"ANSWER: It was confined to her left foot and leg below the knee."

Mrs. Burns timely objected to the submission of this issue inquiring if the injury was confined to the left foot and leg below the knee on the basis that it was an inferential rebuttal issue. She also objected to the submission of this issue because there was no evidence or insufficient evidence to support an affirmative finding that the injury was confined to the left foot and leg below the knee.

Rule 277, Texas Rules of Civil Procedure, as amended effective September 1, 1973, provides in part: "Inferential rebuttal issues shall not be submitted." The 1973 amendment carried forward in substantially the same form the following paragraph:

"The court may submit an issue disjunctively where it is apparent from the evidence that one or the other of the conditions or facts inquired about necessarily exists. For example, the court may, in a workmen's compensation case, submit in one question whether the injured employee was permanently or only temporarily disabled."

In *Select Ins. Co. v. Boucher*, 561 S.W.2d 474 (Tex.1978), we held that Rule 277 prohibited the use of inferential rebuttal issues in workers' compensation cases. Nevertheless, we expressly recognized the permissive use of disjunctive issues under Rule 277. We said:

"The submission of disjunctive issues is appropriate where two alternate grounds of recovery are developed through the pleadings and the submitted issues. Under certain circumstances, issues on partial and total incapacity may be submitted in one disjunctive issue where potential recovery under either theory is developed by the other special issues submitted. . . ."

In *Boucher* we held that the trial court did not err in refusing to submit the inferential rebuttal issues which were requested by the insurer. These requested issues were not in the form of disjunctive issues, but rather were unconditional submissions of insurer's independent defense. Affirmative findings to the requested issues would have negated the jury finding of total incapacity.

■ The record in this case brings it within the illustration set forth in *Boucher* wherein the trial court is authorized to submit an issue disjunctively. The pleadings here squarely raised the issue of whether the injury was a general injury or was confined to the left foot and leg below the knee. It was conceded by insurer that Mrs. Burns had sustained an accidental injury. Under the testimony adduced herein, she was entitled to recover either for a general injury or for an injury to her left foot and leg below the knee. This posture of the case brings it within the defined parameters of Rule 277 wherein disjunctive issues are permitted. In fact, the rule specifically authorizes a disjunctive submission in a workers' compensation case. The disjunctive form of submission of the "confinement" issue is recommended by the committee on Pattern Jury Charges to avoid problems with the burden of proof. 2 State Bar of Texas, Texas Pattern Jury Charges § 26.15 (1976 Cum.Supp. pg. 26). We hold that the trial court did not abuse its discretion in submitting Special Issue No. 1 in disjunctive form.

■ It is urged by Mrs. Burns that there are no pleadings to support the judgment of the trial court which awarded her compensation for the injury to her left foot and leg below the knee. As heretofore pointed out, she prayed for judgment for total and permanent incapacity and for such other and further relief that she might be entitled to recover. The evidence at the trial related almost entirely to the question as to whether the injury was a general injury to her hip and back or was confined to her left foot and leg below the knee. The jury found that the injury was so confined and had resulted in her incapacity from September 30, 1974 through May 24, 1975. The trial court properly entered judgment in

this situation for the sum of $585.81 for compensation which was due and owing Mrs. Burns under this verdict. In any event, she is not harmed by the entry of such a judgment as compared to a take-nothing judgment.

The judgment of the court of civil appeals is affirmed.