John F. ROGERS, et al, Appellants,

v.

Ricardo GONZALES, et al, Appellees.

No. 2505cv.

Court of Appeals of Texas,
Corpus Christi.

May 12, 1983.

Rehearing Denied June 12, 1983.

Bob Guerra, John B. Skaggs, Jones, Lewis & Pettitt, McAllen, for appellants.

Tom Lockhart, Harlingen, Paul O'Leary, Brownsville, Cornelius Marsh, IV, McAllen, for appellees.

Before NYE, C.J., and UTTER and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

This is a wrongful death action tried to a jury in which a take nothing judgment was entered.

The incident giving rise to the suit was an automobile collision which occurred in Hidalgo County on November 8, 1976, when

a van driven by Ricardo Gonzales struck a Toyota Corolla automobile in which Jay Rogers and Michael Whitford were riding. The van driven by Gonzales was owned by David Eddrington, d/b/a The House of Furniture. Both Rogers and Whitford died as a result of the injuries they sustained in the accident.

Suit was filed by the parents of Rogers against Gonzales and Mr. Eddrington, as well as against the estate of Whitford. Numerous cross-actions and counterclaims were filed. All affirmative relief that was sought was denied. Only the Rogerses appeal.

The accident occurred at the intersection of Tower and Earling Roads, north of the town of Alamo, Hidalgo County. There are stop signs controlling the traffic from Earling Road onto and across Tower Road. Gonzales was driving the van north on Tower Road when he struck the Toyota occupied by Rogers and Whitford as it entered the intersection heading west on Earling Road.

As regards liability, the jury found: that Gonzales, who was driving the van, was not driving at an excessive rate of speed; that he did not fail to apply his brakes as a person using ordinary care would have; and that he did not fail to keep a proper lookout. The jury further found: that the driver of the Toyota failed to stop before entering the intersection; that the Toyota entered the intersection when such could not be done safely; that the Toyota's failure to yield to the van was negligence; that the driver of the Toyota failed to keep a proper lookout; that the Toyota was being driven at an excessive rate of speed; and that the driver of the Toyota failed to properly apply the brakes. Each of these acts or omissions by the driver of the Toyota was found to be a proximate cause of the incident. In response to a separate issue, Rogers was found to have been the driver of the Toyota at the time of the collision.

In a multifarious point of error [1] that we address nevertheless, appellants take the

position that the trial court erred in admitting the various opinions of Officer Dennis Brown, the Department of Public Safety highway patrolman who investigated the accident, in that the proper predicate was not laid to establish the witness' credentials as an expert, that a sufficient factual predicate was not laid, and that the methods or scientific principles applied in reaching his conclusions were not enumerated. Officer Brown testified by deposition that he had been with the Department of Public Safety for seven years and that he had been involved in accident investigation the entire time. He attended a four and one-half month school conducted by the Department of Public Safety in Austin, which included training in accident investigation, and graduated therefrom. During his period of employment, he has attended one week in-service refresher schooling in Austin every two years.

Officer Brown arrived at the scene of the accident approximately thirty minutes after the collision. He made a physical inspection of the scene, measured skid marks, and took statements of witnesses. He stated that he relied upon the "physical evidence" he had noted and the statements of the witnesses in drawing his conclusions. He stated that, based upon his experience in investigating accidents together with what he observed at the scene of the collision, he was of the opinion that Gonzales took all evasive action that he could to avoid the accident; and that he observed no physical evidence to indicate that the van was traveling at an excessive rate of speed. Further, he stated that he obtained statements from two witnesses, one of whom was Mr. Victor Gonzalez, a resident of Earling Road, and was of the opinion that the driver of the Toyota was attempting to flee from him, and that that was why he entered the intersection the way he did. Each of the above opinions was stated over appellants' objections.

Accident analysts and reconstruction experts may testify if it is shown that they are trained in the science of which they testify. *Clark v. Cotten,* 573 S.W.2d

886, 887 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.). The party offering the opinion testimony has the burden of showing that the witness is qualified to an extent that he possesses a higher degree of knowledge than the ordinary person or the trier of fact. *International Security Life Insurance Co. v. Beauchamp,* 464 S.W.2d 679, 681 (Tex.Civ.App.—Amarillo 1971, no writ). It is within the trial court's discretion to determine whether a particular witness is qualified to testify as an expert, which determination will not be disturbed on appeal unless a clear abuse of discretion is shown. *Adams v. Morris,* 584 S.W.2d 712, 717 (Tex.Civ.App.—Tyler 1979, no writ); *Adams v. Smith,* 479 S.W.2d 390. 393 (Tex. Civ.App.—Amarillo 1972, no writ); *Bolstad v. Egleson,* 326 S.W.2d 506, 519 (Tex.Civ. App.—Houston 1959, writ ref'd n.r.e.). It is almost impossible to lay down any definite guidelines for determining the knowledge, skill or experience required in a particular case or of a particular witness. 2 Ray, *Texas Practice, Law of Evidence,* § 1401, p. 30 (West 1980).

A comparison of similar cases does prove fruitful. In *Adams v. Morris,* supra, the Court held that the trial court did not err in admitting the opinion of the investigating officer that a vehicle was traveling in excess of 20 m.p.h. The officer stated that his investigation, commenced within thirty minutes of the time of the collision, included interviewing occupants of the auto and observing the physical evidence. He had formal investigation training and had investigated between 500 and 800 accidents per year. He based his opinion on the point at which the vehicle began to drift to the left, the result of the vehicle's impact with the curb, the weight of the car, and the distance the vehicle traveled before coming to a stop. 584 S.W.2d at 717.

In *Bates v. Barclay,* 484 S.W.2d 955 (Tex. Civ.App.—Beaumont 1972, writ ref'd n.r.e.), the investigating Highway Patrolman arrived at the scene approximately forty minutes after the occurrence and stepped off various distances, including skid marks. At the time, he had been a highway patrolman for nearly ten years, had attended training schools for accident investigation, and had investigated many accidents. Based upon his training, experience, and the facts disclosed by his investigation, he was permitted to testify as to the speed of the vehicle. The court held that no abuse of discretion had been shown in the trial court's admission of such. Id. at 958.

Similarly, an officer who had been employed as a traffic investigator for eighteen months during which time he had investigated "hundreds" of accidents was permitted to testify as to the speed of a vehicle based upon his measurement of skid marks. *Beynon v. Cutberth,* 390 S.W.2d 352, 356 (Tex.Civ.App.—Eastland 1965, no writ).

In *Clark v. Cotten,* supra, the testimony of a State Trooper with eight and one-half years experience, who was of the opinion that a vehicle began to "hydoplane" at 56 m.p.h., regarding the ultimate cause of the accident, was held to be excludable. 573 S.W.2d at 888. A Highway Patrolman with accident investigation training who had investigated ten to twelve accidents a month, was not allowed to testify as to the position of the vehicles upon impact in *East Texas Motor Freight Lines, Inc. v. Neal,* 443 S.W.2d 318 (Tex.Civ.App.—Texarkana 1969, writ ref'd n.r.e.). The exclusion of this testimony was affirmed on the grounds that the officer did not state that he had any training in a technical or scientific field requiring knowledge and experience in calculus, trigonometry, metallurgy, algebra, geometry, chemistry, quantitative and qualitative analysis, nor that he had any engineering background. Id. at 326.

■ While the various predicates detailed above are strikingly similar, neither the admission nor exclusion of any of the proffered testimony constituted an abuse of discretion. Cf. *Union Bus Lines v. Moulder,* 180 S.W.2d 509 (Tex.Civ.App.—San Antonio 1944, no writ) (where testifying officer opined regarding speed of vehicle based solely on evidence of violence and force of impact, and such was held to be error). The trial court's determination that Officer Brown was a qualified expert based upon

his recitation of training and experience was correct. Also, the factual predicate for Officer Brown's opinions concerning the evasive actions taken by Gonzales and the speed of the van was adequate. Once shown to be qualified, an investigating officer may properly base an estimate of speed upon skid marks, as was done here. *Adams v. Smith,* supra, 479 S.W.2d at 395. Additionally, the fact that Officer Brown did not detail what the physical evidence relied upon was, other than skid marks, does not negative the probative value but goes more to the weight to be given his opinion. *Roberts v. Tatum,* 575 S.W.2d 138, 142 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). Finally, his reliance in part upon hearsay statements made by witnesses does not render his opinion inadmissible since his opinion regarding these matters was also based in part on his personal knowledge. *Moore v. Grantham,* 599 S. W.2d 287, 289 (Tex.1980); *Young v. Members Life Insurance Co.,* 624 S.W.2d 821, 823 (Tex.App.—El Paso 1981, no writ).

A different picture is presented concerning Officer Brown's statement as to his opinion on why the Toyota entered the intersection at a high rate of speed. The record reveals that his conclusion that such was done in order to flee from Mr. Victor Gonzalez could not have been predicated upon anything but statements made to him by Victor Gonzalez. As such, it was inadmissible unless the statements relied upon were properly in evidence, and the question was posed as a hypothetical question. See: *Moore v. Grantham,* supra. This was not the case here. This opinion was inadmissible. However, our review of the entire record indicates that this error alone was not reasonably calculated to cause, nor did it cause, the rendition of an improper verdict. Tex.R.Civ.P. Rule 434 (Vernon Supp. 1983). Appellant's first point of error is overruled.

Points of error numbers two, three and four challenge, respectively, the sufficiency of the evidence to support the findings concerning Gonzales' speed, application of his brakes, and lookout. Each, however,

is predicated upon the supposition that Officer Brown's entire testimony was inadmissible. Having overruled that point of error, we also overrule these three points.

In points of error numbers five and six, complaint is made regarding the trial court's submission of an issue inquiring as to the identity of the driver of the Toyota, and the jury's finding that the driver was Rogers. Submission of an issue is proper if there is *any* evidence to support it, even though the trial court be of the opinion that a given answer would be against the great weight and preponderance of the evidence. *Burns v. Union Standard Insurance Co.,* 580 S.W.2d 650, 653 (Tex.Civ.App. —Ft. Worth 1979), aff'd., 593 S.W.2d 309 (Tex.1980). Appellants' contention in point of error number five will be treated, therefore, as a "no evidence" point, and will be reviewed accordingly. See *Id.*

There was no direct evidence as to the identity of the driver of the Toyota at the time of the accident. No one saw the collision, and no one was able to state that either Whitford or Rogers was at the wheel at the moment of the collision. The evidence showed that the Toyota traveled approximately ninety feet after being hit broadside by the van, turning over at least once in the process. There was some circumstantial evidence that Rogers was the driver.

Ms. Isabel Garcia testified that Whitford picked up Rogers at her restaurant that morning, and that the two boys left together in the Toyota between 8:30 and 9:00. The accident occurred at approximately 11:00 a.m.

Alice Whitford, the mother of the deceased Whitford, stated that her son was driving the car when he left the house by himself on the morning of the accident. However, she also testified that her son spent a good deal of time with Rogers, and that the latter (Rogers) usually drove when the two were out together in the Toyota.

Mr. Jose DeLeon was the ambulance attendant who came to the accident site, and transported Rogers and Gonzales to the hos-

pital. He stated that the other victim (Whitford) was already dead when he arrived at the scene. Rogers complained to him of pain in the stomach and chest. He testified that "a good percentage of the time" injuries to the stomach and chest are caused by hitting the steering wheel.

The evidence on this issue was conflicting. The jury was the only judge of the facts and circumstances proven, and was permitted to draw reasonable inferences and deductions from the evidence adduced. *Lynch v. Ricketts,* 158 Tex. 487, 314 S.W.2d 273, 276 (1958); *O'Neill v. Craig,* 493 S.W.2d 898, 902 (Tex.Civ.App.—Corpus Christi 1973), *cert. denied* 415 U.S. 919, 94 S.Ct. 1418, 39 L.Ed.2d 474 (1974). The conclusion drawn that Rogers was the driver of the vehicle is supported by some evidence and is not unreasonable under the circumstances. We also hold that it is not so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). Points of error five and six are overruled.

Appellants next contend that the trial court erred in not permitting them an amendment five days prior to trial in which a claim was asserted for mental anguish, grief and loss of companionship caused by the death of their son, and in refusing to submit a requested special issue inquiring as to such.

Our Supreme Court has recently approved such causes of action for parents suing under the Texas Wrongful Death Act, Tex.Rev.Civ.Stat.Ann. art. 4671 (Vernon Supp.1983). *Sanchez v. Schindler,* 651 S.W.2d 249 (Tex.1983). Pleading amendments sought within seven days of trial are to be granted unless there is a showing of surprise to the opposite party. Tex.R.Civ.P. 63. However, any error in refusing an amendment or issue on mental anguish, grief and loss of society was harmless in light of the jury's findings on liability.

This case was tried on the theory of negligence. It was incumbent upon appellants, therefore, to establish the negligence of the defendant Gonzales. *El Paso Natural Gas Co. v. Harris,* 436 S.W.2d 408, 411 (Tex.Civ. App.—El Paso 1968, writ ref'd n.r.e.). We have already sustained the jury's findings exonerating Gonzales and Whitford from all fault. Thus, appellants' contentions under point of error number seven are moot and are overruled.

The argument is espoused in appellants' eighth point of error that the trial court erred in admitting into evidence reference to the fact that appellant Mr. Rogers was the owner of a club which featured topless dancers. It is their position that the probative value of this testimony was outweighed by its prejudicial effect, and that such prejudice is manifested by the fact that the jury responded "zero" to all damage issues. We do not agree.

Implicit in appellants' contention is the presumption that the operation of such an establishment is a profession worthy of contempt and disdain. There was testimony from a number of witnesses, much of it contradictory, concerning Rogers' feelings towards and respect, or lack thereof, for his father. Rogers was twenty years old, an adult, at the time of his death. As such, he was under no legal obligation to contribute to the support of his parents. *Francis v. Atchison, T. & S.F. Ry. Co.,* 113 Tex. 202, 253 S.W. 819, 820 (1923). In order to show what amount, if any, Rogers would have contributed, evidence was admissible to show his disposition and affection toward his parents. *Id.* In suits such as this, any competent evidence is admissible that tends to disclose the intention of the deceased to provide for the plaintiff had he not succumbed to his injuries. *Allen v. Riedel,* 425 S.W.2d 665, 672 (Tex.Civ.App.—Eastland 1968, no writ); 17 Tex.Jur.2d *Death by Wrongful Act,* § 114, p. 697. No error was committed by the trial court in this regard, and the point is overruled.

Points of error nine, ten, eleven and twelve allege legal and factual insufficiency of the evidence to support the jury's findings regarding damages. As stated in our discussion of point seven, *supra,* no recovery may be had absent a finding of

negligence on the part of the defendants. Error, if any, is harmless. *Burns v. Bridge Engineering Corp.,* 465 S.W.2d 427, 434 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ ref'd n.r.e.). These points are overruled.

Appellants' points thirteen and fourteen challenge the sufficiency of the evidence to support the jury's response of "zero" to the special issues inquiring as to the damages of Whitford and those of his mother, Alice Whitford. Whitford's estate is an appellee in this Court and has not brought forth any points alleging error in these findings, and disclaims any interest in the reversal of the case on these grounds. Appellants state that they do not attempt to assign error on the behalf of anyone else, but raise these points simply as a means of demonstrating prejudice and bias on the part of the jury. Even if reversible error were found in this regard, it would serve no purpose but to leave appellant open to liability to the estate of Whitford for the negligence of Rogers. The points are without merit.

Likewise, point of error number fifteen, which is simply a restatement of points nine through fourteen, is overruled, and the judgment of the trial court is affirmed.