COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-219-CR

 

 

DAVID GENE WRIGHT                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

    FROM THE
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. Introduction

In one point Appellant David
Gene Wright claims the trial court erred by overruling his objection to the
admission of expert testimony.  We
affirm.

 

 








II. Factual and Procedural
Background

Wright and his wife M.W. had
two children together, including the victim, their six-year-old daughter
K.W.  The complaint arose when M.W.
discovered K.W. nude and straddling a doll with a pen stuck between its
legs.  When questioned whether someone
had touched her K.W. claimed Wright had. 
The C.P.S. interview of K.W. was videotaped and presented at trial.  The evidence presented at trial indicated
that Wright had touched K.W.=s genitals several times with his hands and genitals.

The defense called Dr. Richard
Schmitt, a clinical psychologist who had reviewed the videotape of K.W.=s C.P.S. interview.  According
to Dr. Schmitt, K.W. displayed many characteristics that were not consistent
with a child who had experienced the sexual trauma K.W. described.  As rebuttal, the State called Carrie
Paschall, a child interviewer with the Crimes Against Children Unit of the
Tarrant District Attorney=s
Office.  Paschall testified that the
interviewer in the videotaped interview properly followed the RATAC protocol[2]
in obtaining K.W.=s statement.
       








Wright objected under Texas
Rule of Evidence 702, claiming Paschall was not qualified to testify as an
expert.  He also objected that the purported
field of expertise was not legitimately recognized, that the techniques were
not legitimate and not recognized in the field, and that Paschall failed to
adequately apply the field of expertise to the facts of the case.

A jury found Wright guilty of
two counts of indecency with a child and sentenced him to nine years= confinement.  This appeal
followed.  

III. Expert Testimony 

In his sole point, Wright
asserts that the trial court abused its discretion by overruling his objection
to Pascall testifying as an expert witness in violation of Texas Rule of
Evidence 702.  We disagree.   

A. Standard of Review

When reviewing a trial court=s ruling on the admission of evidence, we apply an abuse of discretion
standard of review.  Montgomery v.
State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh=g).  A trial court abuses its
discretion when its decision lies outside the zone of reasonable
disagreement.  Green v. State, 934
S.W.2d 92, 101B02 (Tex.
Crim. App. 1996), cert denied, 520 U.S. 1200 (1997) .

B. Applicable Law








Rule 702 of the Texas Rules
of Evidence provides that A[i]f scientific, technical, or other specialized knowledge will assist
the trier of fact to understand the evidence or to determine a fact in issue, a
witness qualified as an expert by knowledge, skill, experience, training, or
education may testify thereto in the form of an opinion or otherwise.@  Tex. R. Evid. 702.  

No rigid formula exists for
determining whether a particular witness is qualified to testify as an
expert.  Harnett v. State, 38
S.W.3d 650, 658 (Tex. App.CAustin 2000, pet. ref=d).  The rule itself provides
that the requisite expertise may be acquired through knowledge, skill,
experience, training, or education.  Id. AIt is almost impossible to lay down any definite guidelines for
determining knowledge, skill or experience required in a particular case or of
a particular witness.@  Id. (quoting Rogers v. Gonzales,
654 S.W.2d 509, 513 (Tex. App.CCorpus Christi 1983, writ ref=d n.r.e.)).  

Furthermore, under Rule 702,
the proponent of scientific evidence must show, by clear and convincing proof,
that the evidence he is proffering is sufficiently relevant and reliable to
assist the jury in accurately understanding other evidence or in determining a
fact issue.  Weatherred v. State,
15 S.W.3d 540, 542 (Tex. Crim. App. 2000) (citing Nenno v. State, 970
S.W.2d 549, 560B61 (Tex.
Crim. App. 1998), overruled on other grounds by State v. Terrazas, 4
S.W.3d 720, 727 (Tex. Crim. App. 1999)). 









Wright urges that the
admissibility of scientific evidence is analyzed according to the standards set
out in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 585B87, 113 S. Ct. 2786, 2793 (1993). 
We agree and note that in Daubert, the supreme court set forth a
two‑pronged reliability and relevance standard virtually identical to the
one adopted by the Texas Court of Criminal Appeals in Kelly v. State.  824 S.W.2d 568, 572 (Tex. Crim. App.
1992).  Compare Daubert 509
U.S. at 589B91, 113 S.
Ct. at 2795 (holding trial judge must ensure that scientific evidence is
relevant and reliable) with Kelly, 824 S.W.2d at 572 (holding
trial court=s task is to
determine whether scientific expert testimony is reliable and relevant).       








However, when addressing
fields of study aside from the hard sciences, such as the social sciences or
fields that are based primarily upon experience and training as opposed to the
scientific method, Kelly=s requirement of reliability applies but
with less rigor than to the hard sciences. 
Nenno, 970 S.W.2d at 560. 
To speak of the validity of a Atheory@ or Atechnique@ in these
fields may be roughly accurate but somewhat misleading.  Id. 
The reliability of Asoft@ science
evidence,[3]
such as was offered in the instant case, may be established by showing that (1)
the field of expertise involved is a legitimate one, (2) the subject matter of
the expert=s testimony
is within the scope of that field, and (3) the expert=s testimony properly relies upon or utilizes the principles involved
in that field.  Weatherred, 15
S.W.3d at 542 (citing Nenno, 970 S.W.2d at 561).         

C. Analysis 

1. Qualification as an
Expert 

At the time of trial,
Paschall had worked as a forensic child interviewer for six years and had
interviewed approximately 3,200 children regarding allegations of abuse.  She also had attended just under 500 hours of
training on child abuse issues, including 170 hours on forensic interviewing.
Furthermore, Paschall had also taught classes on child abuse issues at the
regional police academy and for C.P.S. investigators.  Finally, Paschall testified that she has
training and experience in the way a child discloses abuse and in the way of
interviewing a child regarding that type of abuse.  Based upon the plain language of Rule 702, we
hold that Paschall was qualified to testify as an expert based on her
knowledge, training, and experience.  See
Tex. R. Evid. 702.  

2. Relevancy and
Reliability 








In terms of relevancy and
reliability, Paschall testified that the RATAC protocol was developed by the
Cornerhouse Child Forensic Training Institute. This protocol is backed by the
American Prosecutors Research Institute, and Tarrant County C.P.S. workers are
trained to use the RATAC protocol in interviewing children.  Paschall also indicated that the RATAC
protocol is generally accepted in the scientific community for conducting
forensic interviews of children.  Thus,
it was established that the field of expertise involved was a legitimate one
and that the subject matter of Paschall=s testimony was within the scope of that field.  See Weatherred, 15 S.W.3d at 542.   

Finally, Paschall used the
RATAC protocol to review the propriety of the C.P.S. interview of K.W.and
stated that her job was not to determine whether K.W. was telling the truth in
her allegations against Wright. 
Therefore, Paschall=s testimony properly relied upon or utilized the principles involved
in that field.  See id.     








Conversely, Dr. Schmitt
testified that although RATAC was standard protocol in C.P.S. interviews and
that he had seen it used many times, he did not believe that the protocol is
scientifically valid.  He claimed the
protocol is not scientifically valid because it does not take into account the
context of the disclosure of the outcry. 
However, an abuse of discretion does not occur where the trial court
bases its decisions on conflicting evidence. 
In re A.L.J., 136 S.W.3d 293, 299 (Tex. App.CFort Worth 2004, no pet.). 
Consequently, we hold that Paschall=s testimony was sufficiently relevant and reliable so that its
admission did not constitute an abuse of the trial court=s discretion.     

Accordingly, we overrule
Wright=s sole point. 

IV. Conclusion

Having overruled Wright=s sole point, we affirm the
trial court=s
judgment.  

 

 

BOB MCCOY

JUSTICE

 

PANEL A:   CAYCE, C.J.; HOLMAN, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
 June 14, 2007

 

 











[1]See Tex. R. App. P. 47.4.





[2]Paschall
later testified that the letters of ARATAC@
stand for Rapport, Anatomy identification, Touch inquiry, Abuse scenario, and
Closure.





[3]The Ahard@
sciences, areas in which precise measurement, calculation, and prediction are
generally possible, include mathematics, physical science, earth science, and
life science.  The Asoft@
sciences, in contrast, are generally thought to include such fields as
psychology, economics, political science, anthropology, and sociology.  Weatherred, 15 S.W.3d at 542,
n.5.