COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-219-CR

DAVID GENE WRIGHT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM 
OPINION
(footnote: 1)

------------

I. Introduction

In one point Appellant David Gene Wright claims the trial court erred by overruling his objection to the admission of expert testimony.  We affirm.

II. Factual and Procedural Background

Wright and his wife M.W. had two children together, including the victim, their six-year-old daughter K.W.  The complaint arose when M.W. discovered K.W. nude and straddling a doll with a pen stuck between its legs.  When questioned whether someone had touched her K.W. claimed Wright had.  The C.P.S. interview of K.W. was videotaped and presented at trial.  The evidence presented at trial indicated that Wright had touched K.W.’s genitals several times with his hands and genitals.

The defense called Dr. Richard Schmitt, a clinical psychologist who had reviewed the videotape of K.W.’s C.P.S. interview.  According to Dr. Schmitt, K.W. displayed many characteristics that were not consistent with a child who had experienced the sexual trauma K.W. described.  As rebuttal, the State called Carrie Paschall, a child interviewer with the Crimes Against Children Unit of the Tarrant District Attorney’s Office.  Paschall testified that the interviewer in the videotaped interview properly followed the RATAC protocol
(footnote: 2) in obtaining K.W.’s statement. 

Wright objected under Texas Rule of Evidence
 702, claiming Paschall was not qualified to testify as an expert.  He also objected that the purported field of expertise was not legitimately recognized, that the techniques were not legitimate and not recognized in the field, and that Paschall failed to adequately apply the field of expertise to the facts of the case.

A jury found Wright guilty of two counts of indecency with a child and sentenced him to nine years’ confinement.  This appeal followed.  

III. Expert Testimony 

In his sole point, Wright asserts that the trial court abused its discretion by overruling his objection to Pascall testifying as an expert witness in violation of Texas Rule of Evidence 702.  We disagree.   

A. Standard of Review

When reviewing a trial court’s ruling on the admission of evidence, we apply an abuse of discretion standard of review.  
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).  A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement.  
Green v. State
, 934 S.W.2d 92, 101–02 (Tex. Crim. App. 1996), 
cert denied
, 520 U.S. 1200 (1997) .

B. Applicable Law

Rule 702 of the Texas Rules of Evidence provides that “[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.”  
Tex. R. Evid.
 702.  

No rigid formula exists for determining whether a particular witness is qualified to testify as an expert.  
Harnett v. State
, 38 S.W.3d 650, 658 (Tex. App.—Austin 2000, pet. ref’d).  The rule itself provides that the requisite expertise may be acquired through knowledge, skill, experience, training, or education. 
 Id.
 “It is almost impossible to lay down any definite guidelines for determining knowledge, skill or experience required in a particular case or of a particular witness.”  
Id.
 (quoting 
Rogers v. Gonzales
, 654 S.W.2d 509, 513 (Tex. App.—Corpus Christi 1983, writ ref’d n.r.e.)).  

Furthermore, under Rule 702, the proponent of scientific evidence must show, by clear and convincing proof, that the evidence he is proffering is sufficiently relevant and reliable to assist the jury in accurately understanding other evidence or in determining a fact issue.  
Weatherred v. State
, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000) (citing 
Nenno v. State
, 970 S.W.2d 549, 560–61 (Tex. Crim. App. 1998), 
overruled on other grounds by State v. Terrazas
, 4 S.W.3d 720, 727 (Tex. Crim. App. 1999)).  

Wright urges that the admissibility of scientific evidence is analyzed according to the standards set out in 
Daubert v. Merrell Dow Pharmaceuticals, Inc.
, 509 U.S. 579, 585–87, 113 S. Ct. 2786, 2793 (1993).  We agree and note that in 
Daubert
, the supreme court set forth a two-pronged reliability and relevance standard virtually identical to the one adopted by the Texas Court of Criminal Appeals in 
Kelly v. State
.  824 S.W.2d 568, 572 (Tex. Crim. App. 1992).  
Compare
 
Daubert
 509 U.S. at 589–91, 113 S. Ct. at 2795 (holding trial judge must ensure that scientific evidence is relevant and reliable) 
with
 
Kelly
, 824 S.W.2d at 572 (holding trial court’s task is to determine whether scientific expert testimony is reliable and relevant).       

However, when addressing fields of study aside from the hard sciences, such as the social sciences or fields that are based primarily upon experience and training as opposed to the scientific method, 
Kelly’s
 requirement of reliability applies but with less rigor than to the hard sciences.  
Nenno
, 970 S.W.2d at 560.  To speak of the validity of a “theory” or “technique” in these fields may be roughly accurate but somewhat misleading. 
 
Id.
  The reliability of “soft” science evidence,
(footnote: 3) such as was offered in the instant case, may be established by showing that (1) the field of expertise involved is a legitimate one, (2) the subject matter of the expert’s testimony is within the scope of that field, and (3) the expert’s testimony properly relies upon or utilizes the principles involved in that field.  
Weatherred
, 15 S.W.3d at 542
 
(citing 
Nenno
, 970 S.W.2d at 561).         

C. Analysis 

1. Qualification as an Expert 

At the time of trial, Paschall had worked as a forensic child interviewer for six years and had interviewed approximately 3,200 children regarding allegations of abuse.  She also had attended just under 500 hours of training on child abuse issues, including 170 hours on forensic interviewing. Furthermore, Paschall had also taught classes on child abuse issues at the regional police academy and for C.P.S. investigators.  Finally, Paschall testified that she has training and experience in the way a child discloses abuse and in the way of interviewing a child regarding that type of abuse.  Based upon the plain language of Rule 702, we hold that Paschall was qualified to testify as an expert based on her knowledge, training, and experience.  
See 
Tex. R. Evid.
 702.  

2. Relevancy and Reliability 

In terms of relevancy and reliability, Paschall testified that the RATAC protocol was developed by the Cornerhouse Child Forensic Training Institute. This protocol is backed by the American Prosecutors Research Institute, and Tarrant County C.P.S. workers are trained to use the RATAC protocol in interviewing children.  Paschall also indicated that the RATAC protocol is generally accepted in the scientific community for conducting forensic interviews of children.  Thus, it was established that the field of expertise involved was a legitimate one and that the subject matter of Paschall’s testimony was within the scope of that field.  
See Weatherred
, 15 S.W.3d at 542
.  
 

Finally, Paschall used the RATAC protocol to review the propriety of the C.P.S. interview of K.W.and stated that her job was not to determine whether K.W. was telling the truth in her allegations against Wright.  Therefore, Paschall’s testimony properly relied upon or utilized the principles involved in that field.  
See id.
     

Conversely, Dr. Schmitt testified that although RATAC was standard protocol in C.P.S. interviews and that he had seen it used many times, he did not believe that the protocol is scientifically valid.  He claimed the protocol is not scientifically valid because it does not take into account the context of the disclosure of the outcry.  However, an abuse of discretion does not occur where the trial court bases its decisions on conflicting evidence.  
In re A.L.J.
, 136 S.W.3d 293, 299 (Tex. App.—Fort Worth 2004, no pet.).  Consequently, we hold that Paschall’s testimony was sufficiently relevant and reliable so that its admission did not constitute an abuse of the trial court’s discretion.     

Accordingly, we overrule Wright’s sole point. 

IV. Conclusion

Having overruled Wright’s sole point, we affirm the trial court’s judgment.  

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
 
 June 14, 2007

 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Paschall later testified that the letters of “RATAC” stand for Rapport, Anatomy identification, Touch inquiry, Abuse scenario, and Closure.

3:
The “hard” sciences, areas in which precise measurement, calculation, and prediction are generally possible, include mathematics, physical science, earth science, and life science.  The “soft” sciences, in contrast, are generally thought to include such fields as psychology, economics, political science, anthropology, and sociology.  
Weatherred
, 15 S.W.3d at 542, n.5.