**David DURAN, Appellant**

v.

**The STATE of Texas, State.**

**No. 2–03–423–CR.**

Court of Appeals of Texas,
Fort Worth.

April 14, 2005.

Hardy Burke, Joseph F. Zellmer, Denton, for Appellant.

Bruce Isaacks, Crim. Dist. Atty., Kathleen Walsh, Catherine Luft, Lori Moraine, John R. Moore, Asst. Dist. Atty's, Denton County Denton, for Appellee.

Panel B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

## OPINION

ANNE GARDNER, Justice.

### INTRODUCTION

Appellant was indicted for aggravated sexual assault and pleaded not guilty. Appellant was found guilty by a jury, which assessed punishment at confinement for life and a $10,000 fine. In four issues, Appellant argues that the trial court erred in finding that the outcry statement was reliable, in denying Appellant's request for a limiting instruction prior to complainant's mother testifying and in the jury charge regarding the complainant's outcry

statement, and in allowing a clinical psychologist to testify about facts learned from Appellant at a time when she was not licensed in Texas. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Because Appellant does not challenge the factual or legal sufficiency of the evidence, a brief recitation of the facts will suffice. Appellant was indicted for sexually assaulting his cousin, C.D., who was ten years old at the time. C.D.'s mother, Melissa, was established as the outcry witness because she was the first person C.D. told about the sexual assault. Melissa testified that Appellant is her husband's nephew. Melissa stated that Appellant came to stay at their house for a weekend around June 1st of 2002. She stated that after Appellant left, C.D. began having emotional and behavioral problems. Melissa testified that around January 12th of 2003, C.D. told her she wanted to talk about the problems she had been having. Melissa stated that during this conversation C.D. told her that Appellant had raped her during the weekend that he stayed at their house.

C.D. testified at trial that on one of the mornings of the weekend Appellant stayed at their house, she went downstairs to watch cartoons. Although C.D. could not specifically remember if this occurred on Sunday morning, Melissa testified that it did occur on Sunday morning. C.D. stated that Appellant was asleep on the couch and when she turned on the television he woke up. C.D. testified that Appellant said something to her that scared her; however, she could not remember what. She said that she got up and tried to run upstairs, but Appellant grabbed her by her ankles and took her into the downstairs bathroom and locked the door. She testified that Appellant laid her down on the bathroom floor, pulled her pants down, and "stuck his private in me." She said that he then picked her up and put her over the bathroom sink and "tried to from behind." She also stated that during this time he was covering her mouth. She testified that "[i]t hurt a lot" and she was crying. She further stated that she "felt some wet stuff" and he pulled up his pants, warned her not to tell anyone, and left.

At the conclusion of trial, the jury found Appellant guilty of aggravated sexual assault and assessed his punishment at confinement for life and a $10,000 fine.

## OUTCRY STATEMENT

The trial court conducted a hearing outside the presence of the jury to consider the admissibility of the outcry statement according to Texas Code of Criminal Procedure article 38.072. *See* TEX.CODE CRIM. PROC. ANN. art. 38.072 (Vernon Supp.2004–05). C.D.'s mother testified at the hearing regarding the statements that she provided to law enforcement after C.D. told her she had been raped. At the close of C.D.'s mother's testimony, the court instructed Appellant's counsel to make any objections that he had. Firstly, Appellant's counsel requested that the trial court make a finding that the outcry statement was not an excited utterance. Secondly, Appellant's counsel requested a limiting instruction to the jury regarding "any details of the statement made by the child to the mother." Finally, Appellant's counsel requested a jury instruction that Appellant could not be convicted by the outcry statement alone. The trial court overruled Appellant's counsel's objections, but informed him that he could make his request for a limiting instruction when the jury charge was prepared. The trial court ruled that the outcry statement was reliable based upon the time, content, and circumstances of the statement.

█ In his first point, Appellant argues that the trial court erred in finding that the statement made by C.D. to her mother was reliable based upon the time, content, and circumstances of the statement. Appellant specifically argues, "In the long run, the daughter's statement to her mother may have been reliable. However, the mother's ability to recount that statement is not reliable and she should not have been allowed to testify before the jury in regard to that statement." Consequently, it appears Appellant is attempting to challenge the reliability of the outcry statement by challenging the reliability of the mother in recounting the statement.[1] The State argues that Appellant has waived this point because his objection at trial differs from the complaint he raises on appeal. We agree.

█ To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX.R.APP. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim.App.1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R.APP. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex.Crim.App.2004). Preservation of error is a systemic requirement that this court should review on its own motion. *Martinez v. State*, 22 S.W.3d 504, 507 n. 7 (Tex.Crim.App.2000);

*Hughes v. State*, 878 S.W.2d 142, 151 (Tex. Crim.App.1993) (op. on reh'g), *cert. denied*, 511 U.S. 1152, 114 S.Ct. 2184, 128 L.Ed.2d 902 (1994). The complaint made on appeal must comport with the complaint made in the trial court, or the error is forfeited. *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex.Crim.App.2004); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex.Crim.App.1990).

Appellant's counsel did not object to the outcry statement or to the mother testifying to that statement on the basis of reliability. As pointed out, he only requested that the trial court "make a finding that this is not an excited utterance." Therefore, Appellant cannot now bring a complaint that the outcry statement was unreliable, as he has failed to preserve error. Accordingly, we overrule Appellant's first point.

## LIMITING INSTRUCTION

In points two and three, Appellant argues that the trial court erred in denying his request for a limiting instruction both prior to C.D.'s mother's testimony and in the jury charge in regard to the outcry statement. Appellant contends that "[t]he mother's statement was so unreliable that the [A]ppellant was entitled to a limiting instruction to 'limit the jury's consideration of the outcry to show the outcry was made and the basic nature of the complaint.'" Although somewhat unclear, Appellant's argument seems to be that because C.D.'s mother could not reliably recount the statement, the statutory requirements of article 38.072 were not met and therefore the mother's testimony of the outcry statement could not be admitted for the truth of the matter asserted. However, as we held

---

1. In challenging the mother's reliability, Appellant's reliance on Texas Code of Criminal Procedure article 38.072 is misplaced. The reliability specifically referred to in article 38.072 is the reliability of the declaration, not the witness. *Holland v. State*, 770 S.W.2d 56, 59 (Tex.App.-Austin 1989), *aff'd*, 802 S.W.2d 696 (Tex.Crim.App.1991); *see* TEX.CODE CRIM. PROC. ANN. art. 38.072.

above, Appellant failed to preserve any potential error regarding the reliability of the outcry statement. Furthermore, in requesting a limiting instruction, Appellant's counsel stated, "What I believe is admissible is that the statement was made, and unless it's an excited utterance, the details of the alleged offense are not admissible, and I object to that." Thus, the record shows that Appellant's counsel incorrectly believed that unless the statement was an excited utterance, the details of the offense in the statement were inadmissible.

■ Article 38.072 of the Texas Code of Criminal Procedure applies in a criminal proceeding for an assaultive offense committed against a child twelve years old or younger and provides in relevant part:

Sec. 2. (a) This article applies only to statements that describe the alleged offense that:

(1) were made by the child against whom the offense was allegedly committed; and

(2) were made to the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense.

(b) A statement that meets the requirements of Subsection (a) of this article is not inadmissible because of the hearsay rule if:

(1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:

(A) notifies the adverse party of its intention to do so;

(B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and

(C) provides the adverse party with a written summary of the statement;

(2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and

(3) the child testifies or is available to testify at the proceeding in court or in any other manner provided by law.

TEX.CODE CRIM. PROC. ANN. art. 38.072.

The record shows that the State complied with article 38.072 by providing Appellant's counsel in July of 2003 with the name of the outcry witness and a written summary of the statement. Additionally, the trial court conducted a hearing outside the presence of the jury and made a finding that the outcry statement was reliable, and C.D. did testify at trial. Therefore, the requirements of article 38.072 were satisfied.

■ Under article 38.072, both by the terms of the statute and by the legislative history, outcry testimony admitted in compliance with article 38.072 is admitted as an exception to the hearsay rule, meaning it is considered substantive evidence, admissible for the truth of the matter asserted in the testimony. *Rodriguez v. State,* 819 S.W.2d 871, 873 (Tex.Crim.App.1991); *Carty v. State,* No. 01–03–01266–CR, 01–03–01267–CR, 2004 WL 2538297, at *3, —— S.W.3d ——, at —— (Tex.App.-Houston [1st Dist.] Nov. 10, 2004, no pet.). A court's decision that the outcry statement is reliable and admissible under article 38.072 will not be disturbed absent a clear abuse of discretion. *Garcia v. State,* 792 S.W.2d 88, 92 (Tex.Crim.App.1990); *Carty,* 2004 WL 2538297, at *5, at ——.

■ As the statutory requirements were properly complied with and the issue of the reliability of the statement has not been preserved, the trial court did not abuse its discretion in admitting the outcry statement under article 38.072. Because the statement was properly admitted under article 38.072, it was admissible as

substantive evidence. Accordingly, Appellant was not entitled to a limiting instruction. *See Fetterolf v. State*, 782 S.W.2d 927, 931 (Tex.App.-Houston [14th Dist.] 1989, pet. ref'd) (holding that appellant's request for a limiting instruction was inapplicable when outcry statement was properly admitted into evidence under article 38.072). Thus, we overrule Appellant's second and third points.

### EXPERT WITNESS

In his fourth point, Appellant argues that the trial court erred in allowing State's witness Pamela Kirby, a licensed clinical psychologist at the time of trial, to testify during the punishment phase about facts she learned from Appellant during counseling sessions at a time that she was not licensed in Texas.

Kirby testified that she graduated from the doctoral psychology program at Biola University in 1995. She then completed an internship at Napa State Hospital where she worked with "patients who were not guilty by reason of insanity for various crimes." Kirby stated she moved to Amarillo where she worked with sex offenders and this was when she first began counseling Appellant. Kirby testified that she was "licensed professionally" after passing a written exam in April 1998 and became fully licensed after passing an oral exam in the summer of 1998.

Kirby testified that she worked with Appellant in a group therapy program from September 1997 through January 1998. She then worked with him in individual therapy from February 1998 through July 1998. Kirby testified generally about her counseling with Appellant and gave her opinion of Appellant after counseling him. Appellant objected to Kirby testifying regarding her counseling with Appellant "during the period of time she was not licensed in the State of Texas."

The qualifications of a witness to testify as an expert witness are within the trial court's discretion. *Wyatt v. State*, 23 S.W.3d 18, 27 (Tex.Crim.App.2000); *Harnett v. State*, 38 S.W.3d 650, 657 (Tex. App.-Austin 2000, pet. ref'd). A trial court's decision to permit a witness to testify as an expert will not be disturbed on appeal absent a showing of a clear abuse of discretion. *Wyatt*, 23 S.W.3d at 27; *Harnett*, 38 S.W.3d at 657.

Rule 702 states, "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." Tex.R. Evid. 702. No rigid formula exists for determining whether a particular witness is qualified to testify as an expert. *Harnett*, 38 S.W.3d at 658. The rule itself provides that the requisite expertise may be acquired through knowledge, skill, experience, training, or education. *Id.* "It is almost impossible to lay down any definite guidelines for determining knowledge, skill or experience required in a particular case or of a particular witness." *Id.* (quoting *Rogers v. Gonzales*, 654 S.W.2d 509, 513 (Tex.App.-Corpus Christi 1983, writ ref'd n.r.e.)). Contrary to Appellant's contention, licensure, or certification in the particular discipline is not a *per se* requirement. *Id.* at 659; *see Gregory v. State*, 56 S.W.3d 164, 179–80 (Tex.App.-Houston [14th Dist.] 2001, pet. dism'd) (stating that a medical license or degree is not the litmus test for qualification as an expert witness), *cert. denied*, 538 U.S. 978, 123 S.Ct. 1787, 155 L.Ed.2d 667 (2003); *see also Wyatt*, 23 S.W.3d at 27–28 (holding that trial court did not abuse its discretion in allowing witness to testify as an expert, even though she was not licensed).

Therefore, we hold that based on Pamela Kirby's education and experience, the trial court did not abuse its discretion in allowing her to testify at the punishment phase of Appellant's trial. Thus, Appellant's fourth point is overruled.

## CONCLUSION

Having overruled all of Appellant's points, we affirm the trial court's judgment.