COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.
2-04-240-CR

                                                2-04-241-CR

                                                2-04-242-CR

 

 

RANDALL LEE HAMLIN                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant appeals his
convictions from two cases of aggravated sexual assault of a child and one case
of indecency with a child.  His sole
complaint on appeal is that his Sixth Amendment right to confrontation and cross-examination
was violated because the trial court considered a presentence investigation
report during the sentencing phase of his trial, in violation of the Supreme
Court=s pronouncement in Crawford v. Washington.  541 U.S. 36, 124 S. Ct. 1354 (2004).  We affirm.

Appellant pled guilty, in an
open plea to the court, to the first count in each of three child sexual
offense cases, i.e., to one count of indecency by contact and two counts of
aggravated sexual assault of a child. 
The trial court assessed his punishment at twenty years= confinement on the indecency charge and forty years= confinement on each of the aggravated sexual assault charges.  On appeal he contends his confrontation
rights were violated when the trial court considered a presentence
investigation report prepared by a probation officer Abecause such reports necessarily contain out-of-court statements made
by persons about the defendant which are considered for the truth of the matter
asserted.@








The seminal case of Crawford
v. Washington classified a criminal defendant=s right to cross-examine the witnesses against him as a Abedrock procedural guarantee.@  541 U.S. at 42, 124 S. Ct. at
1359.  The Court held that out-of-court
statements that are testimonial in nature could not be admitted against the
accused because they contain hearsay statements against the accused that have
not been tested by the rigors of cross-examination.  Id. 
The State contends that even if appellant is correct in his legal claim,
he waived any complaints he might have had to the admissibility of the
presentence investigation report.  We
agree, for several reasons.

First, appellant waived all Arights of form, substance, or procedure given [appellant] by law@ in accordance with article 1.14 of the code of criminal
procedure.  Tex. Code Crim. Proc. Ann. art. 1.14 (Vernon 2005).  Second, his plea agreements all state that he
is waiving his Aright to a
jury trial both on guilt and punishment [and] to appearance, confrontation,
and cross-examination of the witnessesA in accordance with articles 1.13 and 1.15 of the code of criminal
procedure.  [Emphasis added.]  Id. arts. 1.13, 1.15.  Third, appellant requested a presentence
investigation.  And fourth, the docket
sheets and the certificates of proceedings for each case show that the trial judge
took judicial notice of the report without any objection from appellant. 

To preserve an issue for
appellate review, a defendant must timely and specifically object.  Tex.
R. App. P. 33.1(a); Gutierrez v. State, 36 S.W.3d 509, 510-11
(Tex. Crim. App. 2001); Duran v. State, 163 S.W.3d 253, 256 (Tex. App.CFort Worth 2005, no pet.). 

Further, a defendant may
voluntarily waive or be estopped from asserting a complaint regarding something
he requestedCalso known
as the Ainvited error@
doctrine.  Prystash v. State, 3
S.W.3d 522, 531 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1102
(2000).








Additionally, our statutes
require that a presentence investigation report be prepared in felony cases in
which a defendant pleads guilty.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 9(a), (c) (Vernon Supp. 2005); see Fryer v. State, 68 S.W.3d
628, 629-30 (Tex. Crim. App. 2002).

For all of these reasons, we
overrule appellant=s sole issue
and affirm the trial court=s judgments.

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
December 15, 2005











[1]See Tex. R. App. P. 47.4.