HAMLIN V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-04-240-CR

         
2-04-241-CR

         2-04-242-CR

RANDALL LEE HAMLIN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant appeals his convictions from two cases of aggravated sexual assault of a child and one case of indecency with a child.  His sole complaint on appeal is that his Sixth Amendment right to confrontation and cross-examination was violated because the trial court considered a presentence investigation report during the sentencing phase of his trial, in violation of the Supreme Court’s pronouncement in 
Crawford v. Washington.  
541 U.S. 36, 124 S. Ct. 1354 (2004).  We affirm.

Appellant pled guilty, in an open plea to the court, to the first count in each of three child sexual offense cases, i.e., to one count of indecency by contact and two counts of aggravated sexual assault of a child.  The trial court assessed his punishment at twenty years’ confinement on the indecency charge and forty years’ confinement on each of the aggravated sexual assault charges.  On appeal he contends his confrontation rights were violated when the trial court considered a presentence investigation report prepared by a probation officer “because such reports necessarily contain out-of-court statements made by persons about the defendant which are considered for the truth of the matter asserted.”

The seminal case of 
Crawford v. Washington 
classified a criminal defendant’s right to cross-examine the witnesses against him as a “bedrock procedural guarantee.”  541 U.S. at 42, 124 S. Ct. at 1359.  The Court held that out-of-court statements that are testimonial in nature could not be admitted against the accused because they contain hearsay statements against the accused that have not been tested by the rigors of cross-examination.  
Id
.  The State contends that even if appellant is correct in his legal claim, he waived any complaints he might have had to the admissibility of the presentence investigation report.  We agree, for several reasons.

First, appellant waived all “rights of form, substance, or procedure given [appellant] by law” in accordance with article 1.14 of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann.
 art. 1.14 (Vernon 2005).  Second, his plea agreements all state that he is waiving his “right to a jury trial both on guilt and punishment [and] to appearance, 
confrontation
,
 and cross-examination
 of the witnesses“ in accordance with articles 1.13 and 1.15 of the code of criminal procedure.  [Emphasis added.]  
Id
. arts. 1.13, 1.15.  Third, appellant requested a presentence investigation.  And fourth, the docket sheets and the certificates of proceedings for each case show that the trial judge took judicial notice of the report without any objection from appellant. 

To preserve an issue for appellate review, a defendant must timely and specifically object.  
Tex. R. App. P.
 33.1(a);
 Gutierrez v. State
, 36 S.W.3d 509, 510-11 (Tex. Crim. App. 2001); 
Duran v. State
, 163 S.W.3d 253, 256 (Tex. App.—Fort Worth 2005, no pet.). 

Further, a defendant may voluntarily waive or be estopped from asserting a complaint regarding something he requested—also known as the “invited error” doctrine.  
Prystash v. State
, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1102 (2000).

Additionally, our statutes require that a presentence investigation report be prepared in felony cases in which a defendant pleads guilty.  
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 9(a), (c) (Vernon Supp. 2005); 
see Fryer v. State
, 68 S.W.3d 628, 629-30 (Tex. Crim. App. 2002)
.

For all of these reasons, we overrule appellant’s sole issue and affirm the trial court’s judgments.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 15, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.