**Opinion filed August 14, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00164-CR

_____

## MELTON RAY KENNEDY, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 90th District Court**
**Stephens County, Texas**
**Trial Court Cause No. F33649**

## M E M O R A N D U M   O P I N I O N

At his jury trial, Melton Ray Kennedy pleaded guilty to the charge of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B) (West Supp. 2013). Based on the trial court's instruction, the jury then found Appellant guilty of the charged offense. The jury assessed Appellant's punishment at confinement for a term of seventy-five years in the Institutional Division of the Texas Department of Criminal Justice. The trial court sentenced Appellant accordingly. Appellant now challenges the trial court's pretrial determination that the outcry statement made by the victim was reliable. We affirm.

## I. *Evidence at Trial*

The grand jury indicted Appellant for aggravated sexual assault of a child. The indictment alleged that on or about June 15, 2011, Appellant "intentionally or knowingly cause[d] the penetration of the sexual organ of Jane Doe [a pseudonym], a child who was then and there younger than 14 years of age," by Appellant's sexual organ.

On May 9, 2013, a pretrial hearing was conducted to determine if the outcry statement made by L.M., the complainant, to her junior high school principal was reliable. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(b)(2) (West Supp. 2013). At the hearing, J.S., the principal at the junior high school, testified that L.M. made an outcry of sexual abuse to her on September 23, 2011. J.S. noted that L.M. was thirteen years old at the time of the outcry.

J.S. recalled that L.M. was visibly upset during the outcry and that L.M. cried throughout the conversation. Based on her training, J.S. purposefully did not ask L.M. a lot of questions so that L.M. could freely tell her story.

J.S. stated that L.M. told her that L.M. had a sexual relationship with Appellant, an adult over the age of eighteen,[1] who was the stepfather of a boy that also attended the junior high school. L.M. noted that the sexual relationship began in the middle of July after Appellant sent her text messages.

L.M. explained that she had sexual intercourse with Appellant and that they performed oral sex on one another. L.M. noted that the sexual encounters happened numerous times at various locations, including Appellant's house and car. L.M. stated that her last sexual encounter with Appellant occurred on September 9, 2011.

---

[1]When J.S. asked L.M. how old she thought Appellant was, L.M. stated, "Around thirty." Appellant was actually thirty-three years old at the time the alleged sexual abuse took place.

The trial court found L.M.'s outcry statement to J.S. to be reliable and, therefore, admissible. Appellant did not object to the trial court's finding.

## II. *Issue Presented*

Appellant argues in a single issue that the trial court erred when it determined that L.M.'s outcry statement to J.S. was reliable.

## III. *Standard of Review*

A trial court's determination that a person is an appropriate outcry witness is reviewable under an abuse-of-discretion standard. *Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990); *Michell v. State*, 381 S.W.3d 554, 558 (Tex. App.—Eastland 2012, no pet.). In *Garcia*, the Texas Court of Criminal Appeals held that a trial court's decision that an outcry statement is admissible under Article 38.072 of the Texas Code of Criminal Procedure will not be disturbed unless a clear abuse of discretion is established by the record. *Garcia*, 792 S.W.2d at 92; *see also Smith v. State*, 131 S.W.3d 928, 931 (Tex. App.—Eastland 2004, pet. ref'd) (holding that a trial court has broad discretion in determining the admissibility of outcry evidence and that the trial court's determination would not be disturbed absent a showing in the record that the trial court clearly abused its discretion). An abuse of discretion will not be found unless the trial court's decision is outside the zone of reasonable disagreement. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).

## IV. *Analysis*

Appellant contends that the trial court erred when it determined that the outcry statement L.M. made to J.S. was reliable. In support of his argument, Appellant claims that almost none of the factors listed in *Buckley v. State* were used to determine the reliability of the outcry statement. *See Buckley v. State*, 758 S.W.2d 339, 343–44 (Tex. App.—Texarkana 1988), *aff'd*, 786 S.W.2d 357, 358 (Tex. Crim. App. 1990) (listing several indicia of an outcry statement's reliability).

3

Because Appellant did not object to the trial court's determination that the outcry statement was reliable, he has waived this issue on appeal. *See* TEX. R. APP. P. 33.1(a)(1) (stating that, in order to preserve a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion); *Duran v. State*, 163 S.W.3d 253, 256 (Tex. App.—Fort Worth 2005, no pet.) (finding that, because the defendant did not object to the outcry statement on the basis of reliability at trial, he did not preserve that complaint for appeal).

Even if we assumed, without deciding, that Appellant had not waived his claim, we would conclude that the trial court did not abuse its discretion when it found the outcry statement to be reliable. When a defendant is charged with certain offenses against a child under the age of fourteen, Article 38.072 of the Texas Code of Criminal Procedure allows the complainant's out-of-court statement into evidence, so long as that statement is reliable, contains a description of the offense, and is offered into evidence through the first person eighteen years of age or older to whom the complainant made a statement about the offense. *See* CRIM. PROC. art. 38.072. Though the terms do not appear in the statute, the victim's out-of-court statement is commonly known as an "outcry," and an adult who testifies about the outcry is commonly known as an "outcry witness." *Sanchez v. State*, 354 S.W.3d 476, 484 (Tex. Crim. App. 2011).

Article 38.072 has several requirements that must be met before an outcry witness may testify. *See* CRIM. PROC. art. 38.072. At least fourteen days before trial, the State must notify the defendant of its intention to call an outcry witness and must provide the name of that witness. *Id.* art. 38.072, § 2(b)(1)(A)–(B). The State must also provide a summary of the outcry statement that will be offered into evidence. *Id.* art. 38.072, § 2(b)(1)(C). The victim must either testify or be available to testify at the proceeding in court or in any other manner provided by

law.  *Id.* art. 38,072, § 2(b)(3).  And finally, outside the presence of the jury, the trial court must hold a hearing to determine whether the victim's out-of-court statement is "reliable" based on the "time, content, and circumstances of the statement."  *Id.* art. 38.072, § 2(b)(2).

In this case, J.S. testified that L.M. made an outcry of sexual abuse on September 23, 2011, and that L.M. stated that she had been sexually abused by Appellant just two weeks before the outcry.  L.M. gave J.S. a detailed account of the sexual abuse she sustained at the hands of Appellant, including how the abuse began, the nature and frequency of the abuse, and the locations where the abuse occurred.  Based on her training, J.S. explained that she did not pressure L.M. to provide details of the abuse and noted that she immediately contacted the police after she spoke with L.M.

The trial court ultimately found that L.M.'s outcry statement to J.S. was reliable "[b]ased on the testimony of the age of the child and the circumstances around [J.S.'s] testimony about the child coming in and not having heavy questions being put forth to the child, the understanding of the knowledge of the child and the defendant and the time frame . . . between the allegations of the last offense and the outcry, and the specificity of what she testified to."  Given this lengthy and detailed explanation, we find that the trial court properly considered the factors in Section 2(b)(2) of Article 38.072 before it found L.M.'s outcry statement to J.S. to be reliable.  *See* CRIM. PROC. art. 38.072, § 2(b)(2).

Appellant argues that the trial court erred when it ruled that the outcry statement was reliable because it did not exhaust the indicia of reliability listed in *Buckley*.  *Buckley* lists the following indicia of reliability:

(1)    whether the child victim testifies at trial and admits making the out-of-court statement;

(2)    whether the child understands the need to tell the truth and has the ability to observe, recollect, and narrate;

5

(3)     whether other evidence corroborates the statement;

(4)     whether the child made the statement spontaneously in her own terminology or whether evidence exists of prior prompting or manipulation by adults;

(5)     whether the child's statement is clear and unambiguous and rises to the needed level of certainty;

(6)     whether the statement is consistent;

(7)     whether the statement describes an event that a child of the victim's age could not be expected to fabricate;

(8)     whether the child behaves abnormally after the contact;

(9)     whether the child has a motive to fabricate the statement;

(10)    whether the child's statement is against her interest; and

(11)    whether the accused had the opportunity to commit the offense.

758 S.W.2d at 343–44.

Appellant is mistaken in his contention that a trial court must look to these specific indicia of reliability before it decides the reliability of outcry witness testimony. Unlike the factors listed in Section 2(b)(2) of Article 38.072, the *Buckley* indicia of reliability merely provide guidance. *See id.* at 343 (stating that the trial court "may look to" the provided indicia of reliability). Therefore, the trial court was not required to consider every indicia of reliability in *Buckley* before it found L.M.'s statement to J.S. to be reliable.

We conclude that the trial court did not abuse its discretion when it determined that the outcry statement was reliable. Appellant's single issue is overruled.

## V. *This Court's Ruling*

We affirm the judgment of the trial court.


August 14, 2014                                                MIKE WILLSON

Do not publish. *See* TEX. R. APP. P. 47.2(b).                 JUSTICE

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

6