

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00063-CR

———————————————

DAVID DURAN, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 211th District Court
Denton County, Texas
Trial Court No. F-2003-0427-C

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

In 2005, this court affirmed Appellant David Duran's conviction for aggravated sexual assault, for which he was sentenced to life in prison. *See Duran v. State*, 163 S.W.3d 253, 255, 259 (Tex. App.—Fort Worth 2005, no pet.). Since then, Appellant has filed numerous appeals in this court.

On March 12, 2025, we sent Appellant a letter stating that we had received a copy of his most recent notice of appeal, which challenges whether the trial court denied him the right to attend a court hearing. We noted that

> [t]he court is concerned that it lacks jurisdiction over this appeal because the trial court has not entered any appealable orders. We generally have jurisdiction to consider an appeal in a criminal case only from a judgment of conviction. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.) (per curiam). Article 11.07 of the Texas Code of Criminal Procedure is the exclusive means for challenging a final felony conviction, and this court has no jurisdiction over matters relating to postconviction applications under Article 11.07. *See* Tex. Code Crim. Proc. Ann. art. 11.07; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding).

We gave Appellant or any party desiring to continue the appeal until March 24, 2025, to file a response showing grounds for continuing the appeal. Appellant filed a response, but it does not show grounds for continuing the appeal.[1]

Because the trial court has not entered any appealable orders, and because this court has no jurisdiction over matters relating to postconviction applications under

---

[1] Appellant's response is a nineteen-page brief, yet he asks for additional time to respond to our jurisdiction letter. We deny that request. Appellant also requests oral argument; we also deny that request.

2

Article 11.07, we dismiss this appeal for want of jurisdiction.[2]  *See* Tex. R. App. P.

43.2(f); *Keene*, 910 S.W.2d at 483; *McKown*, 915 S.W.2d at 161.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  April 24, 2025

---

[2]On April 10, 2025, almost a month after we sent our jurisdiction letter, Appellant filed a "Motion for Inter-luctory [sic] under Rule 42.3 or 43.2 Texas Rules of Appellate Procedures [sic]."  Because there is no appealable order, much less an order that falls within the statute permitting interlocutory appeals, we deny the motion.