

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00147-CR

———————————————

DAVID DURAN, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 211th District Court
Denton County, Texas
Trial Court No. F-2003-0427-C

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Pro se Appellant David Duran has filed a "Motion to Reform Judgment by Jury," which we construe as a notice of appeal. *See* Tex. R. App. P. 25.2(b), (c). This attempted appeal is just the latest of several appeals that Duran has filed in this court since we affirmed his aggravated-sexual-assault conviction in 2005, for which he was sentenced to life in prison. *See Duran v. State*, 163 S.W.3d 253, 255, 259 (Tex. App.—Fort Worth 2005, no pet.). In this attempt, Duran seeks reformation of the trial court's judgment to reflect a conviction for the lesser-included offense of sexual assault.

On May 14, 2025, we notified Duran by letter that we had received a copy of his motion and that we construed it as a notice of appeal. In our letter, we informed Duran of our concern that we lack jurisdiction over this appeal because the trial court has not entered any appealable orders. We noted that

> [w]e generally have jurisdiction to consider an appeal in a criminal case only from a judgment of conviction. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.) (per curiam). Article 11.07 of the Texas Code of Criminal Procedure is the exclusive means for challenging a final felony conviction, and this court has no jurisdiction over matters relating to postconviction applications under Article 11.07. *See* Tex. Code Crim. Proc. Ann. art. 11.07; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding).

We warned Duran that this appeal could be dismissed for want of jurisdiction unless he or any party filed a response showing grounds for continuing the appeal. *See* Tex.

R. App. P. 43.2(f), 44.3. Duran filed a response, but it does not show grounds for continuing the appeal.[1]

Because the trial court has not entered any appealable orders, and because this court has no jurisdiction over matters relating to postconviction applications under Article 11.07, we dismiss this appeal for want of jurisdiction.[2] *See* Tex. R. App. P. 43.2(f); *Keene*, 910 S.W.2d at 483; *McKown*, 915 S.W.2d at 161.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 26, 2025

---

[1]Duran also filed a "Motion to File a Desire to Continue Appeal," which appears to be a motion to "invoke" our jurisdiction. We deny the motion.

[2]On June 11, 2025, almost a month after we sent our jurisdiction letter, Duran filed an "Appellant's Brief" in which he requests oral argument. We deny that request.